[Civ. No. 29724. Second Dist., Div. Two. Oct. 29, 1965.]

RONALD MAX WOODRUFF, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Arthur Sherman for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood, Harry B. Sondheim and Wilber A. Sweeters, Deputy District Attorneys, for Real Party in Interest.

KATZ, J. pro tem.*—This is a petition for writ of prohibition to restrain further proceedings in a criminal prosecution for murder. Petitioner was named defendant in a complaint filed in the municipal court charging the crimes of murder and arson. After a preliminary hearing in that court, he was held to answer both charges, and an information was filed in the superior court. Count I of the information accuses petitioner of the crime of murder and Count II accuses him of the malicious burning of real property. Petitioner contends

*Assigned by the Chairman of the Judicial Council.

that he was committed without reasonable or probable cause with reference to the murder charge in Count I.

 The transcript of the preliminary hearing shows that petitioner was the owner of a cafe which had been operating at a financial loss and which was insured against loss by fire. On October 24, 1964, a fire of incendiary origin, caused by flammable liquid, occurred in the cafe. Petitioner was not present at the time. It appears that Gary Sutlovich, a friend of petitioner, started the fire with gasoline and in so doing suffered such severe burns that he died therefrom a few days later. There was also evidence from which it could be inferred that petitioner procured Sutlovich to burn the cafe, or otherwise conspired with him, and aided in the preparations for the fire.

The question presented is whether a person who aids, counsels or procures another to maliciously set fire to a building, but who is not physically present at the scene of the arson, is guilty of murder when his confederate negligently or accidentally burns himself to death while setting the fire. The question has been answered previously in the negative by the Supreme Court in *People* v. *Ferlin*, 203 Cal. 587, 597 [265 P. 230],[1] wherein the facts were practically identical to those in the present case. In holding the felony-murder rule[2] to be inapplicable, the court referred to the statutory definition of murder,[3] noted that deceased killed himself while engaged in the commission of a felony, and stated: ''It cannot be said . . . that defendant and deceased had a common design that deceased should accidentally kill himself. Such an event was not in furtherance of the conspiracy, but entirely opposed to it.''

Although the People recognize that *People* v. *Ferlin* has never been expressly overruled or disapproved, they contend that ''its rationale in holding Section 189 . . . inapplicable . . . is . . . not the California rule today.'' They apparently regard *Ferlin* as holding that the felony-murder rule is inapplicable to an accidental or unintentional killing, and they cite cases such as *People* v. *Coefield,* 37 Cal.2d 865 [236 P.2d 570], as expressing a contrary view. In our opinion, however,

---

[1]Accord, *People* v. *La Barbera,* 159 Misc. 177 [287 N.Y.S. 257, 262]; but cf. *Commonwealth* v. *Bolish,* 381 Pa. 500 [113 A.2d 464].

[2]''All murder which is . . . committed in the perpetration or attempt to perpetrate arson . . . is murder of the first degree. . . .'' (Pen. Code, § 189.)

[3]''Murder is the unlawful killing of a human being, with malice aforethought.'' (Pen. Code, § 187.)

the People are mistaken in their conclusion or assumption concerning the holding or basis of the *Ferlin* decision. We believe the rationale of that decision to be that section 189 was inapplicable because there was no killing by the accused felon and no killing of another by one for whose conduct the accused was vicariously responsible. That such is the correct interpretation of the decision seems evident from the language of the opinion, including that quoted above, and from the cases relied upon or cited therein. For example, the opinion states that *People* v. *Kauffman,* 152 Cal. 331 [92 P. 861], is in point, and the latter case dealt with the criminal responsibility of persons who conspired to commit burglary for an intentional killing committed by one of the conspirators and involved the question of whether the killing was within the scope of the conspiracy.

Subsequent appellate decisions have also recognized that the *Ferlin* case was not predicated upon the mere unintentional or accidental nature of the "killing." Thus in *People* v. *Cabaltero,* 31 Cal.App.2d 52, 59-60 [87 P.2d 364], the court distinguished the *Ferlin* case from the facts there under consideration by stating that in *Ferlin* "the coconspirator killed himself while he alone was perpetrating the felony he conspired to commit" and "it was held in substance and effect that inasmuch as [deceased] killed himself Ferlin could not be held criminally responsible for his death." In the recent case of *People* v. *Washington,* 62 Cal.2d 777, 783 [44 Cal.Rptr. 442, 402 P.2d 130], the Supreme Court cited the *Ferlin* case with apparent approval in connection with the proposition that "for a defendant to be guilty of murder under the felony-murder rule the act of killing must be committed by the defendant or by his accomplice acting in furtherance of their common design."

The cases cited by the People, therefore, are not inconsistent with the *Ferlin* case and do not imply disapproval thereof.[4] Moreover, in *People* v. *Washington, supra,* the Supreme Court reaffirmed the principles underlying the *Ferlin* decision. It was held in *Washington* that a robber could not be convicted

---

[4]*People* v. *Harrison,* 176 Cal.App.2d 330 [1 Cal.Rptr. 414], which is also cited by the People, is apparently inconsistent insofar as it applies the felony-murder rule on the theory that the robbery involved therein was the proximate cause of the death of the victim of the robbery who was accidentally killed by his employee while the latter was engaged in a gun battle with the robbers. However, the language in that case which applies section 189 on the basis of proximate cause has been expressly disapproved in *People* v. *Washington, supra,* 62 Cal.2d 777, 783.

of murder for the killing of his accomplice by the victim who was resisting the robbery. The opinion therein refers to sections 187 and 189 of the Penal Code and states at page 781: "When a killing is not committed by a robber or by his accomplice but by his victim, malice aforethought is not attributable to the robber, for the killing is not committed by him in the perpetration or attempt to perpetrate robbery. It is not enough that the killing was a risk reasonably to be foreseen and that the robbery might therefore be regarded as a proximate cause of the killing. Section 189 requires that the felon or his accomplice commit the killing, for if he does not, the killing is not committed to perpetrate the felony. Indeed, in the present case the killing was committed to thwart a felony. To include such killings within section 189 would expand the meaning of the words 'murder . . . which is committed in the perpetration . . . [of] robbery . . .' beyond common understanding."

We conclude that *People* v. *Ferlin, supra,* 203 Cal. 587, is controlling in the present case, and on the authority of that case, section 189 of the Penal Code is inapplicable and the petitioner herein cannot be held criminally responsible for the death of his coconspirator.

Let the peremptory writ issue as prayed as to Count I.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied November 24, 1965, and the petition of the real party in interest for a hearing by the Supreme Court was denied December 22, 1965.