## UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**UNITED STATES**

**v.**

**Senior Airman CHARLES A. WILSON, III**
**United States Air Force**

**Misc. Dkt. No 2015-02**

**7 May 2015**

Appellate Counsel for the Petitioner:  Lieutenant Colonel David J.R. Frakt

Appellate Counsel for the United States:  Captain Thomas J. Alford and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

The petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Prohibition, requesting that this court "order the dismissal of Additional Charge I and its Specification (or direct the trial judge to grant the Defense Motion to Dismiss Additional Charge I)."  We deny the petition.

*Background*

The petitioner has been charged with multiple offenses, including the premeditated murder of a pregnant woman and intentionally causing the death of her unborn child, in violation of Articles 118 and 119a, UCMJ, 10 U.S.C. §§ 918, 919a.  The original charges were preferred on 31 December 2013.

The government informed the petitioner and his counsel on 13 February 2014 that it intended to ask the Article 32, UCMJ, 10 U.S.C. § 832, investigating officer to:

(1) investigate uncharged misconduct relating to the petitioner's alleged commission of a 2011 arson which resulted in the death of an acquaintance of the petitioner, (2) investigate whether certain Rule for Courts-Martial (R.C.M.) 1004(c) aggravating factors were present, and (3) "consider the propriety of recommending to the General Court-Martial Convening Authority that the case be referred capital" due to the existence of those aggravating factors.

On 20 February 2014, the petitioner filed a Petition for Extraordinary Relief with this court, which argued that the convening authority's denial of the defense request for a mitigation specialist prior to the Article 32, UCMJ, investigation unduly prejudiced the petitioner and deprived him of his right to present mitigating evidence at that investigation for the consideration of the convening authority, as he made his decision on whether to refer the case capital. In its answer to our show cause order, the government argued this court has no jurisdiction over the matter because no court-martial has been convened and that, even if we have jurisdiction, we should deny the writ because the petitioner is "not clearly and indisputably entitled to a government-funded and government-appointed mitigation specialist prior to or at" an Article 32, UCMJ, investigation. We concluded we had jurisdiction over the matter and denied the writ on its merits.

Additional Charge I and its Specification were preferred on 30 April 2014 and referred on 9 October 2014. Additional Charge I and its Specification allege that the petitioner "did, at or near Warner Robins, Georgia, on or about 2 October 2011, while perpetrating aggravated arson, murder Demetrius D. Hardy by means of causing him to set a fire during which he was fatally burned." Five additional charges and specifications were referred to the same court-martial as the original charges and were to be tried as a capital case.

At court, the petitioner filed a motion to dismiss Additional Charge I for failure to state an offense. In a written ruling issued on 25 March 2015, the trial judge denied the motion finding that the specification alleges all the elements for felony murder. The petitioner now seeks a writ of prohibition to prevent the government from continuing to prosecute this offense on what he claims is a failed theory of liability.

*Discussion*

The All Writs Act, 28 U.S.C. § 1651(a), authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This court is among the courts authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *see LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

A writ of prohibition is the process by which a superior court prevents an inferior

court from exceeding its jurisdiction; it prevents the usurpation of judicial power and is used to confine courts to the proper exercise of their power and authority. *United States v. Gross*, 73 M.J. 864, 866–67 (Army Ct. Crim. App. 2014). Its counterpart is the writ of mandamus, which is used, inter alia, "'to compel [officers and commanders] to exercise [their] authority when it is [their] duty to do so.'" *Dew v. United States*, 48 M.J. 639, 648 (Army Ct. Crim. App. 1998) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). We use the same test for writs of mandamus and prohibition. *Gross*, 73 M.J. at 866.

The Supreme Court has held that three conditions must be met before a court may provide extraordinary relief in the form of a writ of extraordinary relief: (1) the party seeking the writ must have "no other adequate means to attain the relief"; (2) the party seeking the relief must show that the "right to issuance of the relief is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted). A writ of mandamus and a writ of prohibition are drastic instruments to be used only in truly extraordinary circumstances. *Gross*, 73 M.J. at 867.

We find that our consideration of this petition is properly a matter in aid of our jurisdiction. Having done so, however, we find the petitioner is not entitled to the relief requested. We find the petitioner fails on each of the three prongs.

The petitioner asserts that the prosecution's theory of his liability under Article 118(4), UCMJ, is so fundamentally flawed that any conviction would be meritless. The petitioner argues that the prosecution's proffer of facts is essentially that the petitioner and Mr. Hardy entered into a conspiracy to burn down the petitioner's rented home in order to collect insurance money. The petitioner was not present when Mr. Hardy, in the process of burning down the house, accidentally inflicted fatal injuries to himself.

### 1. Right of Issuance is Clear and Indisputable

The petitioner's argument is that he cannot be held criminally responsible under the felony murder statute when he was not physically present at the time of the offense and his alleged co-conspirator negligently caused his own fatal injuries. The petitioner acknowledges that this appears to be a case of first impression in the military justice system.

A California Court of Appeals examined a case in which the "question presented [was] whether a person who aids, counsels or procures another to maliciously set fire to a building, but who is not physically present at the scene of the arson, is guilty of murder when his confederate negligently or accidentally burns himself to death while setting the

3

fire." *Woodruff v. Super. Ct. of Los Angeles Cnty.*, 237 Cal. App. 2d 749, 750 (Cal. Dist. Ct. App. 1965). That court concluded that California Supreme Court precedent prevented that accused from being tried in state court for felony murder and issued a writ of prohibition. *Id.* A later ruling reinforced that precedent: "It is settled California law that where, as here, an accomplice in a conspiracy to commit arson for the purpose of defrauding an insurer accidentally burns himself to death, his co-conspirator may not be charged with murder under the felony-murder rule." *People v. Earnest*, 46 Cal. App. 3d 792, 794 (Cal. Dist. App. 1975). A Missouri Appeals Court reached a similar conclusion:

> In arson cases, the majority of jurisdictions have refused to invoke the felony-murder doctrine where the death was that of defendant's accomplice (himself the arsonist) and the defendant was not present at the scene of the arson. *People v. LaBarbera*, 159 Misc. 177, 287 N.Y.S. 257 (1936); *Woodruff v. Superior Court of County of Los Angeles*, 237 Cal. App. 2d 749, 47 Cal.Rptr. 291 (1965); *People v. Earnest*, 46 Cal.App.3d 792, 120 Cal.Rptr. 485 (1975); *People v. Ferlin*, 203 Cal. 587, 265 P. 230 (1928); *State v. Williams*, 254 So.2d 548 (Fla.App. 1971). Contrary results have been reached where the defendant was present at the scene of the fire which resulted in the death of his accomplice. *Commonwealth v. Bolish*, 391 Pa. 550, 138 A.2d 447 (1958). *State v. Sotteriou*, 132 N.J.Super. 403, 334 A.2d 47 (1975).

*State v. Light*, 577 S.W.2d 134, 137 (Mo. Ct. App. 1979).

However, not all states have foreclosed felony murder convictions when an accused is not present. The courts in Oklahoma have interpreted that state's statute to employ a "proximate cause" theory of felony murders which will "hold a defendant criminally responsible for the death of a co-felon when that occurs during a felony so inherently dangerous as to create a foreseeable risk of death." *Kinchion v. State*, 81 P.3d 681, 684 (Okla. Crim. App. 2003). Pursuant to the Oklahoma statute, a conviction was upheld after the death of a minor from alcohol poisoning, when the defendant provided alcohol to his underage sister, knowing that later she would share it with her underage overnight guests. *Malaske v. State*, 89 P.3d 1116 (Okla. Crim. App. 2004). A habeas petition in federal court was denied for another Oklahoma defendant who was convicted of felony murder when a police officer who was pursuing him died in a traffic accident even though the defendant was not in the immediate area at the time of the accident and did not learn about the death until later that day. *Grider v. Taylor*, 2012 U.S. Dist. LEXIS 13170, 2012 WL 369899 (W.D. Okla. 2012).

We conclude that certain courts have interpreted their state statutes on felony murder to support the petitioner and at least one state, Oklahoma, has not. "However, we also recognize that the military community is unique in many respects and that its system

of justice must be responsive to needs not present in the civil society." *Murray v. Haldeman*, 16 M.J. 74, 79 (C.M.A. 1983). Given that this is a case of first impression in the military justice system for an interpretation of Article 118(4), UCMJ, when the accused is not physically present during the commission of the felony, we conclude that the right to have the writ issued is neither clear nor indisputable.

### 2. *No Other Adequate Means to Attain Relief*

The petitioner asserts that the normal appellate process will not provide meaningful relief. We disagree.

No evidence has been presented as of yet before a factfinder. After the prosecution has rested, the petitioner may file a motion for a finding of not guilty if the evidence is insufficient. *See* R.C.M. 917. Furthermore, the petitioner may challenge the validity of any conviction for a violation of Article 118(4), UCMJ, to this court through the appellate review process under Article 66, UCMJ, 10 U.S.C. § 866. We agree with the petitioner that cases which result in a sentence to death have a longer appellate review process. *See, e.g.*, *United States v. Witt*, 73 M.J. 738 (A.F. Ct. Crim. App. 2014) (upholding a death penalty adjudged in 2005). However, this court has previously rejected the appellant's argument that confinement on death row and the resultant restrictions on his liberty convert any delay during the appellate process into a per se constitutional violation. *Id.* at 812 (rejecting the argument that the mental anxiety felt during the delay in appellate review, the anticipation of execution, and inability to avoid appellate review of his death sentence served to increase the appellant's sentence to a degree that is unconstitutional).

### 3. *Appropriate under the Circumstances*

A writ of mandamus is a drastic remedy that should only be used in extraordinary situations. *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983). In order to warrant reversal by an appellate court through a writ, the trial judge's decision must amount to more than gross error; it must be a judicial usurpation of power or represent an erroneous practice likely to recur. *Murray v. Haldeman*, 16 M.J. 74, 76 (C.M.A. 1983). We find neither a judicial usurpation of power nor an error that is likely to recur. We conclude that a writ would not be appropriate in this case at this time for this issue. We reach the same conclusion as one of our superior court's judges in denying a writ petition about a military judge's pretrial rulings:

> [S]erious questions may be raised and should be resolved at the trial level concerning the sufficiency of the Government's proof. The trial court's resolution of these questions may render the substantive issues raised in this petition moot or, at the very least, provide this Court with an adequate record to decide these issues.

5

*Id.* at 83 (Fletcher, J., concurring) (citations omitted).

In short, extraordinary relief at this point is neither necessary nor appropriate. Having considered the matters submitted, we find the petitioner fails to demonstrate that extraordinary relief is warranted such that we should grant a writ of prohibition or mandamus to order the dismissal of, or prohibit the presentation of, evidence on Additional Charge I and its Specification. This does not foreclose the petitioner from later raising these issues again on appeal through Article 66, UCMJ.

Accordingly, it is by the court on this 7th day of May, 2015,

**ORDERED:**

The Petition for Extraordinary Relief is **DENIED** without prejudice to Petitioner's right to raise these matters in the normal course of review under the UCMJ.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

6