PER CURIAM.
Charges were filed against the attorney and a referee was appointed. The attorney moved to disqualify the trial referee on the basis of bias, prejudice and personal animosity the referee had toward the attorney. The motion was supported by two affidavits, one made by the attorney himself and the other by his law partner and counsel. The referee denied the motion to disqualify on the ground that the affidavits were not in compliance with Fla.Stat. § 38.10, F.S.A. The Integration Rules of The Florida Bar, Rule 11.06(5) (h), provide that a referee may be disqualified “in the same manner and to the same extent” that a circuit judge may be disqualified under existing law. Fla.Stat. § 38.10, F.S.A., relating to the disqualification of circuit judges, requires that the facts stated as a basis for disqualification must be supported in substance by affidavit of at least two reputable citizens of the county “not of kin to defendant or counsel to the defendant.”
The attorney seeks a review of the referee’s order denying the motion by a petition for interlocutory review, as well as by a suggestion for a writ of prohibition. The Florida Bar’s motion to dismiss the petition for interlocutory review is granted, and the suggestion for a writ of prohibition is denied without prejudice to the right of the attorney to raise the question of the referee’s disqualification in the course of the proceedings and have such questions reviewed in the event any recommendations of the referee are adverse to the attorney.
The Integration Rules of The Florida Bar, Rule 11.09(1), provides only for *302 appellate review of final reports of referees or portions thereof.
Since the referee lacks the power either to reach a final decision or to implement that decision, prohibition is an inappropriate remedy. See State ex rel. Swearingen v. Railroad Commissioners of Florida, 79 Fla. 526, 84 So. 444 (1920). The grievance procedure is an adjunct of the judicial branch of government and shares responsibility with the Supreme Court in matters involving discipline of attorneys. It is the Supreme Court which must take the final action. The power to render the ultimate judgment is vested in this Court. Prohibition is that process by which a superior court prevents an inferior court or tribunal possessing judicial or quasi-judicial powers from exceeding its jurisdiction in matters over which it has cognizance or usurping matters not within its jurisdiction to hear or determine. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957).
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.