# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before the Court Sitting En Banc[1]

**The UNITED STATES OF AMERICA, Petitioner**
**v.**
**Colonel GREGORY A. GROSS, Military Judge, Respondent**

**Private E1 RANDY C. HERNANDEZ**, **Real Party in Interest**

ARMY MISC 20140293

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Gregory A. Gross, Military Judge

For Petitioner:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA; Captain Janae M. Lepir, JA (on petition for extraordinary relief in the nature of a writ of mandamus); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA (on reply to real party in interest's answer to the petition for extraordinary relief and on motion for en banc reconsideration of the denial of the petition for extraordinary relief).

For Real Party in Interest:  Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Frank E. Kostik, JA; Captain Aaron R. Inkenbrandt, JA (on real party in interest's answer to the petition for extraordinary relief).

28 August 2014

-----------------------------------------------------------------------
OPINION OF THE COURT AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF IN THE
NATURE OF A WRIT OF MANDAMUS
-----------------------------------------------------------------------

HAIGHT, Judge:

In the general court-martial of Private (E-1) Randy C. Hernandez, real party in interest, the government petitioned this court for extraordinary relief in the nature of a writ of mandamus.  Specifically, the government requested this court order the military judge "to reverse his ruling that the defense of Mistake of Fact as to Age

---

[1] Judge MORAN and Judge BORGERDING took final action in this case while on active duty.

applies to Charge II and its specification" (sodomy with a child who had not attained the age of 16 in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 [hereinafter UCMJ]).  A panel of this court concluded the Petitioner-government had not met its burden with respect to the appropriateness as to the issuance of the requested writ.  Then, the government moved for reconsideration en banc of the denial of the petition for extraordinary relief in the nature of a writ of mandamus.

This court adopted the suggestion for reconsideration en banc and granted the motion to reconsider.

Upon reconsideration, we grant the government's petition for extraordinary relief, but do so in the form of a writ of prohibition.

## BACKGROUND

The accused was charged with sexual assault of a child, sexual abuse of a child, and sodomy with a child in violation of Articles 120b and 125, UCMJ.  The accused filed a pretrial motion asking the military judge to instruct the future panel that a reasonable mistake of fact as to age is a defense to offenses with children under Article 125, just as it is for offenses with children under Article 120b.  The military judge ruled that particular defense is not applicable to offenses under Article 125 and based his decision on *United States v. Wilson*, 66 M.J. 39, 40 (C.A.A.F. 2008) (expressly holding "[t]here is no mistake of fact defense available with regard to the child's age in the article 125, UCMJ, offense of sodomy with a child under the age of sixteen").  The accused ultimately elected to contest his offenses before the military judge alone.

After the presentation of evidence, the military judge entered findings of not guilty to the specifications alleging sexual assault of a child and sexual abuse of a child (Charge I), and then announced:

> It should be obvious to everyone that I did not enter a finding as to Charge II and its Specification [Sodomy]. Regarding Charge I, I find that the defense proved by a preponderance of the evidence the defense of mistake of fact as to age; that is why I found the accused not guilty.
>
> I've determined to reconsider my ruling as to the defense's motion that mistake of fact as to age should apply to Charge II and its Specification.  I have determined that [it] does apply and I find that the defense proved the defense of mistake of fact as to age by a preponderance of the evidence.

2

> I find that the government proved the elements of sodomy beyond a reasonable doubt, but as I said, the defense proved the defense of mistake of fact by a preponderance of the evidence. I am prepared to announce a finding of not guilty to Charge II and its Specification; however, before I do that, I will allow the government time to file an extraordinary writ challenging my ruling on the applicability of the mistake of fact with regards to sodomy.

The government availed itself of the opportunity provided by the military judge and sought the suggested writ.

## DISCUSSION

As the government asks the court to prevent the military judge from applying the defense of mistake of fact as to age to the offense of sodomy with a child under the age of 16, charged as a violation of Article 125, UCMJ, we will more appropriately address this petition as one for a writ of prohibition, not its counterpart, a writ of mandamus. We apply the same test for a writ of prohibition as for a writ of mandamus. *See generally Ctr. for Constitutional Rights v. United States and Colonel Denise Lind*, 72 M.J. 126 (C.A.A.F. 2013) (United States Court of Appeals for the Armed Forces (CAAF) dismisses writ-appeal in the form of request for writ of mandamus and/or prohibition).

The issuance of a writ of prohibition is the process by which a superior court prevents "an inferior court or tribunal possessing judicial or quasi-judicial powers from exceeding its jurisdiction in matters over which it has cognizance or usurping matters not within its jurisdiction to hear or determine." *Black's Law Dictionary* 1212 (6th ed. 1990) (citing *The Florida Bar*, 329 So.2d 301, 302 (Fla. 1974)). A writ of prohibition is to "prevent usurpation of judicial power" and to confine courts to the proper exercise of their power and authority. *Id.*

A writ of prohibition, like mandamus, is a "drastic instrument which should be invoked only in truly extraordinary situations." *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983). "All courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." All Writs Act, 28 U.S.C. § 1651(a) (2012); *see also United States v. Denedo*, 556 U.S. 904, 911 (2009). "Military courts, like Article III tribunals, are empowered to issue extraordinary writs under the All Writs Act." *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013) (quoting *Denedo*, 556 M.J. at 911). To prevail on a request for a writ, the petitioner must show that: "(1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and undisputable; and (3) the issuance of the writ is appropriate under

the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004)). We find the government has met all three prongs.

*No other adequate means to attain relief*

The military judge determined the government had proven the elements of sodomy under Article 125 beyond a reasonable doubt but also ruled that the mistake of fact as to age defense applies to the Article 125 offense and is "prepared to announce a finding of not guilty" to that charge. Thus, if the defense does not apply, then its application would be a product of judicial overreaching and could "deny the [g]overnment the rightful fruits of a valid conviction." *United States v. Booker*, 72 M.J. 787, 807 (N.M. Ct. Crim. App. 2013) (quoting *Will v. United States*, 389 U.S. 90, 97-98 (1967)). More pointedly, the application of an inapplicable defense "entails a high probability of failure of prosecution—a failure the government could not then seek to remedy by appeal or otherwise—[and] constitutes the kind of extraordinary situation in which we are empowered to issue" a writ. *United States v. Wexler*, 31 F.3d 117, 129 (3d Cir. 1994). The government has no means to challenge an actual and entered finding of not guilty. Thus, the government has no other adequate means to attain relief.

*Right to issuance of the writ is clear and indisputable*

In *Wilson*, our superior court expressly and specifically held "there is no mistake of fact defense available with regard to the child's age in the Article 125, UCMJ, offense of sodomy with a child under the age of sixteen." 66 M.J. at 40. Importantly, *Wilson* was decided after *Lawrence v. Texas*, 539 U.S. 558 (2003), and with explicit acknowledgment that the criminal nature of sodomy may solely depend upon the fact of age. Regardless of the fact that age is the indispensable factor that makes the charged conduct criminal in cases of non-forcible sodomy with a minor, our superior court, after an exhaustive analysis of statutory construction and legislative history of both Articles 120 and 125, determined there is no *mens rea* requirement with respect to the age of the child for Article 125 offenses. *Wilson*, 66 M.J. at 46.

The version of Article 125 analyzed in *Wilson* is the same version under which the accused was charged and prosecuted. We highlight, as CAAF did in *Wilson*, that any harmonization of the legislative scheme between Articles 120 and 125, or creation of a mistake of fact defense is to be accomplished by the appropriate policymakers, the legislature or the President, but not by the judiciary. 66 M.J. at 45-47. Therefore, this question is one of simply following the law. Whether or not public policy or perception has changed, a military court must follow the "precedent-making decision[s]" of its superior courts in the absence of a

4

superseding statute or intervening decision by a court of a higher rank. *See United States v. Allbery*, 44 M.J. 226, 228 (C.A.A.F. 1996) (citation omitted).

The military judge based his ruling upon the fact that Article 120 has been amended after *Wilson* and upon the concept that "ambiguity should inure to the benefit of the accused." First, we readily reject any notion that Article 120b (Rape and Sexual Assault of a Child) somehow preempts or repeals by implication Article 125 (Sodomy). Second, there is no ambiguity of meaning or definition; rather, a defense applies to one offense, but does not to another. A difference in application of defenses to overlapping misconduct, e.g., the defenses of marriage or consent, is neither unheard of nor legally infirm.[2] Moreover, as recently reminded by our superior court, we have "no license to generate a statutory conflict where none exists. . . ." *United States v. McPherson*, __ M.J. __, slip op. at 7 (C.A.A.F. 21 Aug. 2014). However appealing the principles of lenity may be to the military judge in this case, that very argument, as espoused by Judge Baker in his dissent to *Wilson*, was rejected by the majority. 66 M.J. at 51-52 (Baker, J., dissenting). Both the military judge and this court are bound by that rejection.[3]

*Wilson* has not been overturned, modified, or distinguished by CAAF. At the time of appellant's conduct, Article 125, UCMJ, had not changed.[4] Thus, we find the government's right to issuance of the writ is clear and indisputable.

---

[2] The overlap of proscribed conduct by Article 125 and other articles is nothing new. We note that Chief Judge Effron, in his dissent to *Wilson*, identified that crimes involving children always have and still would include sodomitic acts, whether charged pre-2007 under Article 134 as indecent acts with a child or charged post-2007 under Article 120 as lewd behavior or sexual contact with a child. 66 M.J. at 47-51 (Effron, C.J., dissenting).

[3] Regarding our colleague's concurrence in part and dissent in part, whether the analytical framework is one of specific over general, primacy-recency, preemption, or repeal by implication, we do not believe that Congress, whether by its action or inaction, has legislated Article 125 out of viability or even limited its application to solely crimes of bestiality. Furthermore, we make no decision at this time whether or not it is "impossible" to convict someone under the current—recently modified—version of Article 125 for engaging in non-forcible sodomy with a child unable to provide valid legal consent.

[4] Article 125 was recently amended. *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1707, 127 Stat. 672, 961 (2013). A defense of mistake of fact as to age is still not provided.

*Appropriate under the circumstances*

The final issue is whether issuance of a writ is appropriate under the circumstances of this case. Even when the petitioner has shown there is no other adequate means to obtain relief and that its right to the writ is clear and indisputable, "the issuance of a writ is 'largely discretionary.'" *United States v. Higdon*, 638 F.3d 233, 245 (3d Cir. 2011) (quoting *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996)). Accordingly, a panel of this court initially declined to exercise that discretion because of the unusual procedural posture of a judge declining to enter findings.[5] Upon reconsideration en banc, this court now exercises its discretion to prohibit the military judge from "overrid[ing] Congress' policy decision, articulated in a statute, as to what behavior should be prohibited." *United States v. Nerad*, 69 M.J. 138, 140 (C.A.A.F. 2010) (quoting *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 497 (2001)); *see also Badaracco v. Comm'r of Internal Revenue*, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.").

Our superior court has sanctioned issuance of a writ to "confine an inferior court to a lawful exercise of its prescribed jurisdiction." *Labella*, 15 M.J. at 229 (quoting *Dettinger v. United States*, 7 M.J. 216, 220 (C.M.A. 1979)). However, where a military judge's decision is within his discretion, the decision "must amount to more than even gross error; it must amount to a judicial usurpation of power, or be characteristic of an erroneous practice that is likely to recur." *Id.* (internal quotation marks and citations omitted). Although CAAF has not specifically sanctioned issuance of a writ where a military judge refuses to "abide by controlling precedent," other courts have approved the appropriateness of a writ under such circumstances. *Higdon*, 638 F.3d at 246; *see also Wexler*, 31 F.3d at 129. As we held above, the military judge's action in applying the mistake of fact as to age defense to the offense of sodomy with a child under the age of 16 was not a decision within his authority to make. Thus it equates to a judicial usurpation of power.

**CONCLUSION**

We conclude the government has shown that issuance of a writ is appropriate under the unique facts of this case. The petition for extraordinary relief is granted in

---

[5] This opinion involves a situation where the military judge acted outside his authority and in contravention of controlling precedent by our superior court. This opinion should not be read as an encouragement to military judges to decline to decide issues within their authority or to countenance procedural situations like this in the hopes that this court will decide issues for them as the trial progresses.

the form of a writ of prohibition. Consistent with *Wilson*, the defense of mistake of fact as to age does not apply to offenses charged under Article 125. We remand for additional proceedings consistent with this opinion.

Chief Judge PEDE, Senior Judge TOZZI, Senior Judge LIND, Senior Judge COOK, Judge MORAN, Judge TELLITOCCI, Judge CAMPANELLA, Judge CELTNIEKS, Judge PENLAND, and Judge BORGERDING concur.

KRAUSS, Judge, concurring in part and dissenting in part:

"When two criminal statutes arguably apply to the same conduct, the narrower statute, as a rule, occupies the field." *United States v. Cotoia*, 785 F.2d 497, 502 (4th Cir. 1986) (citing *Busic v. United States*, 446 U.S. 398, 406 (1980) ("[A] more specific statute will be given precedence over a more general one, regardless of their temporal sequence.")).

I concur with the majority opinion but write separately to address the final step necessary to fully and properly resolve the matter at hand.

When faced with a conundrum such as that offered by the overlapping statutes at issue here, the liberty interest of the individual person is superior to that of the interest in prosecutorial convenience. When resolving the competition between two Supreme Court precedents, one that endorses prosecutorial discretion, the other endorsing lenity; lenity is the better approach. *See United States v. LaPorta*, 46 F.3d 152, 156-57 (2d Cir. 1994); *Cotoia*, 785 F.2d at 502; *United States v. Olinger*, 759 F.2d 1293, 1299-1300 (7th Cir. 1985). *Compare Laporta*, 46 F.3d at 156-57, *with Bobb v. Attorney General of the United States*, 458 F.3d 213, 222-24 (3d Cir. 2006) (each addressing interplay between *United States v. Batchelder*, 442 U.S. 114 (1979) and *Busic*, 446 U.S. 398). The principle of statutory interpretation favoring enforcement of the specific over a more general statute criminalizing the same misconduct serves to resolve this question in favor of the accused soldier. *See generally Busic*, 446 U.S. at 406; *Corley v. United States*, 556 U.S. 303, 316 (2009) (applying *Busic*); *LaPorta*, 46 F.3d at 156-57; *Cotoia*, 785 F.2d 497, 502.

The choice is stark: Under a statute passed in 2012, specifically intended to comprehensively cover acts of sexual misconduct with children in particular, the soldier here is not guilty. UCMJ art. 120b. Under a statute passed in 1950, intended to cover any and all "unnatural acts of carnal copulation," the soldier here is guilty and subject to 20 years confinement. UCMJ art. 125; *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 51.e. This for committing the same exact act. Under circumstances such as these, Article 125 is no longer a viable charge for the misconduct here alleged. To avoid piecemeal litigation on the matter, that charge should be dismissed.

The judge was headed in the right direction when addressing the ambiguity in the law created by the competing statutes at issue. The government indeed properly framed the question as one requiring application of the more specific statute over the more general, advocating that Article 125, UCMJ, is more specific and therefore the one the government is required to pursue. Rather than continue straight along the road of resolution described above, the judge took up the defense's argument, offered in the same spirit, but ultimately serving as a distraction from the fundamental principle of statutory interpretation available for the resolution of such problems. *See Corley*, 556 U.S. at 316. As a matter of law, the result is the same as that reached by the judge below, the method a bit different.[6]

Congress promulgated Article 120b, UCMJ, to comprehensively cover sexual offenses against children and broadened the definitions of sexual acts to effectively cover acts of sodomy. *See MCM*, UCMJ art. 120b analysis at A23-16. Whereas Articles 120 and 125, UCMJ, used to be compatible, each criminalizing different sexual acts, there is now a conflict in that Article 120b includes the same acts of sodomy covered by Article 125. Though the government took the right approach, its conclusion was incorrect. Because Article 120b comprehensively defines the array of sexual activity with children to be criminal while Article 125 makes any and all acts of sodomy with anyone and anything criminal, the former is specific, the latter general. The specificity of Article 120b is enhanced by the fact that Congress provided an affirmative defense by which an accused is relieved of any criminal liability for an act of consensual sodomy, whereas an accused suffers strict criminal liability under Article 125.[7] Under such circumstances, application of the rule of

---

[6] To hold otherwise would violate not only the principle preferring enforcement of the specific over a general statute but would also run afoul of the principle that "'[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .'" *Corley*, 556 U.S. at 314 (citing *Hibbs v. Winn,* 542 U.S. 88, 101 (2004) (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181–186 (6th ed. 2000)); *see also Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883). To read Article 125 as trial counsel contended in this case would render the Article 120b provisions relative to sodomy superfluous - an outcome that warrants enforcement of Article 120b over Article 125. *See, e.g., id.*; *LaPorta*, 46 F.3d at 156-57. *Cf. Bobb*, 458 F.3d at 224 (Third Circuit apparently acknowledging the validity of *LaPorta* yet arguably restricting application of this principle holding that "the government is required to proceed under a specific statute only if proceeding under a general statute would render the specific statute superfluous. A statute is rendered superfluous only if a general statute can cover every possible circumstance covered by the specific.").

[7] Effective January 2014, Congress repealed consensual sodomy as a crime under Article 125, UCMJ, and promulgated a new forcible sodomy statute. *See* National

(continued . . .)

lenity and its essential corollary seems quite plain. *See United States v. Bass*, 404 U.S. 336, 347-48 (1971) ("'[W]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite'") (quoting *United States v. Universal C.I.T. Corp.*, 344 U.S. 218, 221-22 (1952)); *see also LaPorta*, 46 F.3d at 157; *Busic*, 446 U.S. at 406; *Simpson v. United States*, 435 U.S. 6, 15-16 (1978); *United States v. Jones*, 471 F.3d 478, 483 (3d Cir. 2006).

I otherwise concur with the majority decision.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)

Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1707, 127 Stat. 672, 961 (2013). Thus, it is now impossible for a soldier to be convicted of consensual sodomy with a child under Article 125 and perfection of the specific Article 120b consensual sodomy offense with concomitant affirmative defense is complete. No longer must we resort to canons of statutory interpretation to properly enforce the law and protect the accused from unjust conviction and punishment. The problem now that the new Article 125 effectively mirrors specific provisions of Articles 120 and 120b dealing with forcible acts is one we'll have to deal with when and if it comes up. For the present case, the issue is restricted to acts of consensual sodomy with children between the ages of 12 and 16.