# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**Misc. Dkt. No. 2018-01**

_____

**John R. SUTTON II**
Airman First Class (E-3), U.S. Air Force, *Petitioner*

**v.**

**UNITED STATES**
*Respondent*

_____

Review of Petition for Extraordinary Relief

Decided 13 July 2018

_____

*Military Judge:* Jill M. Thomas.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-1. Sentence adjudged 31 October 2012 by GCM convened at the Presidio of Monterey, California.

*For Petitioner:* Catherine M. Cherkasky, Esquire.

*For Respondent:* Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

_____

**PUBLISHED OPINION OF THE COURT**

_____

HARDING, Senior Judge:

Petitioner submitted a Petition for Extraordinary Writ in the Nature of a Writ of Prohibition or in the alternative a Writ of Mandamus. Specifically, Petitioner requests that this court issue a writ of prohibition to "prevent the re-

instatement of his bad conduct discharge after its revocation." Petitioner requests, in the alternative, if we find that the convening authority "was authorized to revoke and subsequently reinstate" the bad-conduct discharge, we issue a writ of mandamus "to effectuate the issuance of his back-pay from the period of his appellate review until his final alleged discharge, which took place on 27 November 2017." We conclude that we do not have jurisdiction to issue either of the requested writs and deny the petition. In doing so we hold that, as for writs of habeas corpus, this court does not have jurisdiction for writs of prohibition or mandamus when a court-martial has completed direct review under Article 71(c)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 871(c)(1), and the case is final under Article 76, UCMJ, 10 U.S.C. § 876.

## I. BACKGROUND

In October 2012, a panel of officer and enlisted members at a special court-martial convicted Petitioner, contrary to his pleas, of one specification of wrongful sexual contact and one specification of abusive sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The members found Petitioner not guilty of another specification of wrongful sexual contact but guilty of the lesser included offense of assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928. The adjudged sentence consisted of a bad-conduct discharge, confinement for 30 days, and reduction to E-1. The convening authority approved the sentence as adjudged. This court affirmed the findings but affirmed a sentence consisting only of a bad-conduct discharge, confinement for 30 days, and reduction to E-2,[1] and the United States Court of Appeals for the Armed Forces (CAAF) denied review on 3 March 2015. *United States v. Sutton*, No. ACM S32143, 2014 CCA LEXIS 610 (A.F. Ct. Crim. App. 21 Aug. 2014) (unpub. op.), *rev. denied*, 74 M.J. 317 (C.A.A.F. 2015).

Just over a month had passed after appellate review was complete under Article 71, UCMJ, when the convening authority issued Special Court-Martial Order No. 4, dated 6 April 2015, directing that the bad-conduct discharge be executed. This court-martial order (CMO), however, was not properly distributed to the appropriate offices whose duty it was to issue a discharge certificate and complete a final pay and accounting. Consequently, Petitioner was not issued a discharge certificate; a final pay and accounting was not completed; and Petitioner's case was not final under Article 76, UCMJ. Notwithstanding the lack of a discharge certificate, Petitioner, having received a copy of the CMO,

---

[1] We granted relief due to unreasonable and unexplained post-trial delay pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). Appellant's court-martial concluded on 31 October 2012. The convening authority took action on 28 January 2013. Appellant's case was docketed with this court on 22 May 2013, 114 days after action.

believed that he was no longer a member of the Armed Forces and had become a civilian.

On 6 November 2015, the Air Force Office of Special Investigations (AFOSI) was notified of a civilian law enforcement investigation into a report of sexual assault by a victim alleging that Petitioner forcibly sodomized him while they were both in training at the Defense Language Institute at the Presidio of Monterey, California. Civilian law enforcement in Monterey, California closed their investigation when the alleged victim refused to cooperate. The victim expressed his preference for the military to exercise jurisdiction and AFOSI opened an investigation in July 2016. After inquiry into Petitioner's status and discovery that the punitive discharge had not been executed as ordered earlier in 2015, the legal office supporting the convening authority concluded that Petitioner was still a member of the United States Air Force and subject to UCMJ jurisdiction.

On 2 March 2017, the convening authority issued Special Court-Martial Order No. 2, which stated the following:

> In the special court-martial case of [Petitioner], Special Court-Martial Order No. 4, dated 6 April 2015, is revoked.

On the same day, the convening authority issued a memorandum to Petitioner entitled "Recall from Required Excess Leave" that informed him that "[d]ue to an error in the processing of you[r] discharge, you are no longer on required excess leave and will be restored to active duty." Petitioner was ordered to report to his previous duty station. Petitioner included in his petition an amendment to the travel order as evidence that his punitive discharge had been revoked. According to the amendment, the original CMO read that "member's court-martial was set aside" and was amended to read, "due to a processing error your discharge, your special court martial is revoked [sic]." These documents of March 2017 constituted the first contact Petitioner had with the Air Force since the April 2015 CMO.

Upon Petitioner's return to duty in April 2017, he was served with preferred charges based on the reported sexual assault. An Article 32, UCMJ, 10 U.S.C. § 832, hearing was conducted on 24 July 2017. After the hearing, the alleged victim refused to participate further, and the charges were not referred to court-martial.

On 24 October 2017, the convening authority issued Special Court-Martial Order No. 1, which read as follows:

> In the special court-martial case of [Petitioner], the proceedings of which were promulgated in Special Court-Martial Order No. 1, Headquarters 17th Training Wing (AETC), dated 28 January

> 2013, upon appellate review, the U.S. Air Force Court of Criminal Appeals reassessed the sentence and only approved so much of the sentence as consists of reduction to the grade of E-2, confinement for 30 days and a bad conduct discharge. All rights, privileges, and property of which the accused has been deprived by virtue of that portion of the sentence so reassessed will be restored. Article 71(c) having been complied with, appellate review is complete, and the bad conduct discharge will be executed. The sentence was adjudged by officer and enlisted members on 31 October 2012 (ACM S32143).

On 29 November 2017, the bad-conduct discharge was executed and Petitioner was issued a discharge certificate. In March 2018, Petitioner submitted his Petition for Extraordinary Writ, citing to the All Writs Act as a basis for this court's jurisdiction to issue the requested writ.[2]

## II. DISCUSSION

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)). "The courts of criminal appeals [(CCA)] are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015). In *Chapman*, notwithstanding that the petitioner in that case was continuing to serve his term of confinement, we held that we do not have jurisdiction over habeas corpus petitions when a court-martial has completed direct review under Article 71, UCMJ, and is final under Article 76, UCMJ. *Chapman*, 75 M.J. at 600. In light of our holding in *Chapman*, we consider two questions to determine whether we have jurisdiction for writs of prohibition and mandamus in Petitioner's case. Does completion of direct review of a court-martial under Article 71, UCMJ, and finality under Article 76, UCMJ, extinguish a CCA's jurisdiction over prohibition or mandamus petitions? If so, does this court lack jurisdiction over the instant petition because Petitioner's court-martial has completed direct review under Article 71, UCMJ, and is final under Article 76, UCMJ?

---

[2] Petitioner also cites to the Air Force Court of Criminal Appeals Rule of Practice and Procedure 2(b), which states: "The Court may, in its discretion, entertain petitions for extraordinary relief including, but not limited to, writs of mandamus, writs of prohibition, writs of habeas corpus, and writs of error coram nobis."

We hold that this court does not have jurisdiction for writs of prohibition or mandamus when a court-martial has completed direct review under Article 71, UCMJ, and the case is final under Article 76, UCMJ, and, as Petitioner's case has completed direct review and is final, we do not have jurisdiction over the writ of prohibition or mandamus requested by Petitioner.

### A. Effect of Completion of Direct Review and Finality on Jurisdiction

In deciding *Chapman*, we relied on what *Loving* implied: if proceedings are final under Article 76, UCMJ, the military courts do not have jurisdiction over a writ of habeas corpus.

In *Loving*, the petitioner had been sentenced to death but the sentence had not been approved by the President; the CAAF determined that the military courts had jurisdiction over a habeas corpus petition when there is a final judgment as to the legality of the proceedings under Article 71(c)(1), UCMJ, but *before* the case is final under Article 76, UCMJ. *Loving*, 62 M.J. at 246. We took the next step and decided that when the proceedings are final under Article 76, UCMJ, the military courts no longer have jurisdiction over a habeas corpus petition. *Chapman*, 75 M.J. at 600.

We now consider whether finality under Article 76, UCMJ, should likewise extinguish a CCA's jurisdiction over a prohibition or mandamus petition. In doing so we explicitly acknowledge and distinguish the Supreme Court's holding in *United States v. Denedo*, 556 U.S. 904, 916–17 (2009), that military courts have jurisdiction over coram nobis petitions even *after* the proceedings are final under Article 76, UCMJ, and its rationale that a coram nobis petition is an extension of the original proceeding. Finality under Article 76, UCMJ, does not divest a CCA of "jurisdiction to entertain coram nobis petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* at 917. In this respect, a writ of coram nobis is "in aid of our existing statutory jurisdiction" even after a court-martial is final under Article 76, UCMJ. Writs of prohibition and mandamus, however, do not share this characteristic and are not an extension of the direct appeal.

A writ of prohibition is the process by which a superior court prevents an inferior court from exceeding its jurisdiction; it prevents the usurpation of judicial power and is used to confine courts to the proper exercise of their power and authority. *United States v. Gross*, 73 M.J. 864, 866–67 (A. Ct. Crim. App. 2014). Its counterpart is the writ of mandamus, which is used, *inter alia*, "'to compel [officers and commanders] to exercise [their] authority when it is [their] duty to do so.'" *Dew v. United States*, 48 M.J. 639, 648 (A. Ct. Crim. App. 1998) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). The rationale in *Denedo* that extends jurisdiction beyond the finality of Article 76, UCMJ, does not apply to writs of prohibition and mandamus. In the simplest terms,

there is no one to order to take or not take an action after a case is final under Article 76, UCMJ, and writs of mandamus and prohibition do not encompass allegations that an earlier judgment of conviction was flawed in a fundamental respect. Additionally, we find no reason to distinguish the answer to the jurisdictional question for these writs from our decision in *Chapman* as to a writ of habeas corpus. We do not have jurisdiction for writs of prohibition or mandamus when a court-martial has completed direct review under Article 71, UCMJ, and the case is final under Article 76, UCMJ.

B. **Completion of Direct Review and Finality in Petitioner's Case**

Whether a court-martial has completed direct review under Article 71, UCMJ, is a straightforward question in this case. This court affirmed the findings and sentence and the CAAF denied review. *Sutton*, unpub. op., *rev. denied*, 74 M.J. 317 (C.A.A.F. 2015). Petitioner's court-martial has a final judgment as to the legality of the proceedings under Article 71, UCMJ. Whether a court-martial is final under Article 76, UCMJ, is usually an equally straightforward inquiry. For example, the convening authority's order that the punitive discharge be executed provided a sufficient basis in *Chapman* to conclude that case was final under Article 76, UCMJ.

In Petitioner's case, no such presumption of regularity is warranted. The failure to distribute the 6 April 2015 CMO directing execution of the bad-conduct discharge prevented its execution. However, once the determination was made to dispose of the reported misconduct by nonjudicial punishment, the convening authority again ordered the bad-conduct discharge executed, and Petitioner received a discharge certificate. Consequently, there is a final judgment as to the legality of the proceedings; all portions of the sentence have been ordered executed under Article 71, UCMJ; and the case is final under Article 76, UCMJ. We, therefore, do not have jurisdiction over the writ of prohibition or mandamus requested by Petitioner.

### III. CONCLUSION

Petitioner's case is complete and final. Accordingly, the petition for extraordinary relief in the nature of a writ of prohibition or mandamus is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court