# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Charles A. WILSON III | ) | Misc Dkt No. 2019–05 |
| Airman First Class (E-3) | ) | |
| U.S. Air Force | ) | |
| _Petitioner_ | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | **Panel 2** |

On 19 September 2019, Petitioner filed with this court a Petition for Relief in the Nature of a Writ of Prohibition, seeking to have this court prevent the Government from severing the attorney-client relationship between Petitioner and his appointed military defense counsel, Lieutenant Colonel (Lt Col) Anthony Ortiz. Essentially, Petitioner seeks to have this court require the Government to extend Lt Col Ortiz's Military Personnel Appropriation (MPA) orders, which expired on 30 September 2019, in order to enable Lt Col Ortiz, a reservist, to continue performing active duty at the Appellate Defense Division (JAJA). On 20 September 2019, this court ordered the Government to show cause no later than 26 September 2019 as to why the court should not grant the Petition. On 26 September 2019, the Government responded to the show cause order and requested this court deny the petition. In support of its response, the Government also moved to attach two declarations to the record.

## I. BACKGROUND

Petitioner was tried by a general court-martial over the course of multiple sessions between 22 October 2014 and 22 February 2017. The court-martial convicted Petitioner of one specification of premeditated murder and one specification of intentionally killing an unborn child, in violation of Articles 118 and 119(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 918, 919(a). On 22 February 2017, the court-martial sentenced Petitioner to a dishonorable discharge, confinement for life without the possibility of parole, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. On 20 December 2017, the convening authority approved the sentence as adjudged.

Petitioner's case was docketed with this court on 10 January 2018. Mr. Brian Mizer, a civilian attorney assigned to the Appellate Defense Division (JAJA), was detailed to represent Petitioner on appeal. On 5 March 2018, Mr. Mizer requested a first enlargement of time, seeking an additional 60 days to

file a brief in Petitioner's case. On 12 March 2018, the court granted Petitioner's motion setting a new deadline of 9 May 2018.

On 9 May 2018, Mr. Mizer filed Petitioner's second motion for an enlargement of time, out of time. *Inter alia*, Mr. Mizer advised that he had received orders in his capacity as a reserve Navy judge advocate for involuntary mobilization on 2 April 2018 for assignment to the Military Commissions Defense Organization. As a result, Mr. Mizer estimated he would not be able to complete his review of Petitioner's case and file assignments of error until summer 2019 at the earliest. The court again granted Petitioner's motion over the Government's opposition and set a new deadline of 8 June 2018.

Since that time, the court has held multiple status conferences with the parties and has granted 17 additional motions for enlargements of time, and Petitioner has yet to file his assignments of error. Throughout that time, Mr. Mizer has remained Petitioner's lead counsel, but two additional appellate defense counsel were detailed to the case.

Mr. Mark Bruegger of JAJA began representing Petitioner in approximately November 2018[1] and filed the ninth, tenth, and eleventh motions for enlargement of time on Petitioner's behalf. In those filings, Mr. Bruegger informed the court, *inter alia*: (1) that he was working on 21 other cases and would not begin work on Petitioner's case until February 2019; (2) that Mr. Mizer still projected completing a brief in Petitioner's case by the summer of 2019; and (3) that "[t]hrough no fault of [Petitioner], his appellate defense counsel have been working other assigned matters and have yet to complete their review of [Petitioner]'s case."

Petitioner's twelfth and thirteenth motions for enlargement of time indicated, *inter alia*, Mr. Mizer had made virtually no progress in reviewing the record of trial in Petitioner's case; that Mr. Mizer expected his expanding responsibilities at the military commissions would further delay his work on [Petitioner's] case by several months;" and that as of 28 March 2019, Mr. Bruegger had reviewed approximately 750 pages of the 4,317 pages in the transcript of Petitioner's trial.

On 5 April 2019, the court granted Petitioner's thirteenth motion for enlargement of time, granting an extension until 5 May 2019, and ordered the parties to show good cause "as to why this court should not ask the Judge Advocate General to direct the assignment of additional or substitute [appellate defense] counsel" in Petitioner's case. Counsel for both parties complied with

---

[1] Mr. Bruegger initially represented Petitioner in his capacity as an active Air Force duty judge advocate, and has continued his representation as a JAJA civilian attorney.

the court's order. Petitioner opposed the appointment of any substitute or additional counsel. The Government requested that this court request the appointment of additional counsel.

On 3 May 2019, the court granted Petitioner's fourteenth motion for enlargement of time until 4 June 2019, and concurrently "request[ed] that The Judge Advocate General appoint additional counsel to represent [Petitioner] . . . ." Additionally, the court directed counsel for the Government to "notify the court of the status of the court's request" no later than 3 June 2019.

In Petitioner's fifteenth motion for enlargement of time, dated 28 May 2019, his counsel explained, *inter alia*, that Mr. Mizer had been prevented from working on Petitioner's appeal by "other caseload commitments;" that Mr. Bruegger had "researched several potential issues . . . along with approximately nine volumes in the record" of Petitioner's case, which "now represents [Mr. Bruegger's] number one priority for record review purposes" before this court; and that a third counsel, Lt Col Ortiz, had been "tasked to assist" with Petitioner's case pursuant to this court's 3 May 2019 order and "anticipate[d] beginning his review of the record of trial . . . during the month of June 2019." Relatedly, on 3 June 2019, the Government submitted a "Notice of Compliance" with this court's order of 3 May 2019, and advised that as of 16 May 2019, Lt Col Ortiz had been "detailed" to Petitioner's case.

The Government has submitted declarations from Colonel (Col) PM, the Total Force Advisor to The Judge Advocate General (TJAG), and Col JP, then-Chief of the Government Trial and Appellate Counsel Division (JAJG), which provide additional information as to how Lt Col Ortiz came to participate in Petitioner's case. Lt Col Ortiz is assigned as an individual mobilization augmentee to Air Force Reserve Command. However, since 20 August 2018, Lt Col Ortiz had been continuously on MPA orders performing full-time duties at JAJA. The initial request for Lt Col Ortiz's MPA tour and first and second requests for extensions indicate his assistance was required due to low manning in JAJA and the deployment of the division's deputy, among other factors. As of the time of the court's 3 May 2019 order requesting additional counsel, Lt Col Ortiz was on orders until 14 June 2019.

After receiving the court's order on 3 May 2019, Col JP consulted with Col JB, the Chief of JAJA. Col JP asked if Col JB wanted TJAG to assign additional counsel, or if Col JB intended to assign additional counsel to Petitioner's case. Col JB advised Col JP that she would assign counsel, most likely Lt Col Ortiz. On 28 May 2019, the same day Petitioner filed his fifteenth motion for enlargement of time, JAJA requested an additional 108 days of MPA support for Lt Col Ortiz, until 30 September 2019. JAJA specifically cited Lt

Col Ortiz's assignment to Petitioner's case as the basis for the request.[2] The request was approved.

Petitioner's sixteenth, seventeenth, and eighteenth, and nineteenth motions for enlargement of time reflect that as of 18 September 2019, Lt Col Ortiz had reviewed approximately 1,500 pages of the 4,317 pages in the transcript of Petitioner's trial. These motions indicate Lt Col Ortiz continued to perform other duties at JAJA after his assignment to Petitioner's case, including, *inter alia*, submitting an assignment of error and reviewing a record of trial for other appellants, completing "leadership reviews" of the briefs of other appellate defense counsel, performing "various administrative and personnel duties" as the acting division deputy, and participating in mandatory training.

On 13 September 2019, Col PM's office received JAJA's request for a 92-day extension of Lt Col Ortiz's MPA tour. The request again cited Lt Col Ortiz's assignment to Petitioner's case as the primary reason for the request.[3] However, 22 other requests for MPA support from within the Air Force Legal Operations Agency (AFLOA) were prioritized ahead of JAJA's request. Moreover, the total MPA allocation for The Judge Advocate General's Corps for Fiscal Year (FY) 2020 was 80 percent lower than its FY 2019 allocation. Combined, AFLOA and legal offices within the various major commands requested over 4,000 MPA days for the first quarter of FY 2020, competing for a total of 967 available MPA days for the quarter. Despite JAJG's affirmative support for JAJA's request, the requested extension of Lt Col Ortiz's MPA tour was not approved or funded.

## II. LAW AND ANALYSIS

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)).

The instant petition is styled as seeking "extraordinary relief in the nature of a writ of prohibition." We do not find that label apt in this situation. "Prohibition is that process by which a superior court prevents an inferior court or tribunal possessing judicial or quasi-judicial powers from exceeding its jurisdiction in matters over which it has cognizance or usurping powers not within

---

[2] According to Col PM, the 28 May 2019 request to extend Lt Col Ortiz stated, *inter alia*, that this court "*ordered* additional counsel be assigned to [Petitioner's] case." (Emphasis added.) This statement is inaccurate. As stated above, this court's order dated 3 May 2019 *requested* that TJAG appoint additional counsel to represent Petitioner.

[3] According to Col PM, this request again inaccurately stated this court had "*ordered* additional counsel be assigned." (Emphasis added.)

its jurisdiction to hear or determine." *Prohibition*, BLACK'S LAW DICTIONARY (6th ed. 1990). In this case, Petitioner does not request us to constrain the action of any "inferior court or tribunal." We find the substance of the petition is more in the nature of a writ of mandamus, that is, a writ directed "to an executive, administrative or judicial officer . . . commanding the performance of a particular act therein specified, and belonging to his or their public, official, or ministerial duty, or directing the restoration of the complainant to rights or privileges of which he has been illegally deprived . . . ." *Mandamus*, BLACK'S LAW DICTIONARY (6th ed. 1990); *see generally Sutton v. United States*, 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018) (comparing writ of mandamus with writ of prohibition); *United States v. Gross*, 73 M.J. 864, 866 (A. Ct. Crim. App. 2014) (contrasting writ of mandamus with writ of prohibition). Accordingly, we evaluate the instant petition as one for a writ of mandamus.

Regardless of labels, the criteria a petitioner must meet to obtain either a writ of prohibition or a writ of mandamus is essentially the same. *Gross*, 73 M.J. at 866 (citing *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126 (C.A.A.F. 2013)). Petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)). A writ of mandamus or prohibition "is a 'drastic instrument which should be invoked only in truly extraordinary circumstances.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983)).

"After an attorney-client relationship has been formed between the accused and detailed defense counsel or associate or assistant defense counsel, an authority competent to detail such counsel may excuse or change such counsel . . . [f]or [ ] good cause shown on the record." R.C.M. 505(d)(2)(B)(iii). "[S]eparation from active duty normally terminates representation, [although] highly contextual circumstances may warrant an exception from this general guidance in a particular case." *United States v. Hutchins*, 69 M.J. 282, 290–91 (C.A.A.F. 2011). "The accused has no right to select appellate defense counsel," although he may be represented on appeal by civilian counsel provided at no expense to the Government. R.C.M. 1202(b)(2)(C), Discussion.

Under the circumstances of this case, we find Petitioner has not met his burden to demonstrate he is entitled to the "drastic" remedy of a writ of mandamus directing the allocation of MPA days to continue Lt Col Ortiz on active duty. We recognize that "[d]efense counsel are not fungible items." *United States v. Baca*, 27 M.J. 110, 119 (C.M.A. 1988). However, we have considered,

*inter alia*, that Petitioner is represented by two highly capable, detailed civilian counsel whose representation of Petitioner substantially antedates Lt Col Ortiz's involvement; that Lt Col Ortiz made relatively limited progress on Petitioner's case in the several months since he was detailed to it; that Petitioner, through his other counsel, initially opposed the detailing of Lt Col Ortiz or any other additional counsel to his case; that the right of an accused or an appellant to the continued services of a detailed military defense counsel is not absolute; and that authorities other than this court are best situated to decide the allocation of resources such as the limited pool of MPA authorizations for reserve personnel. We find Petitioner has failed to demonstrate either a "clear and indisputable right" to the continuation of Lt Col Ortiz on active duty MPA orders, or that such an intervention in the allocation of MPA days by this court is appropriate under the circumstances. *See Hasan*, 71 M.J. at 418 (citation omitted).

Accordingly, it is by the court on this 4th day of October, 2019,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Prohibition dated 19 September 2019 is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court