CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, WILLIAMS, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Specialist NICHOLAS B. LOWERY**
**United States Army, Appellant**

ARMY MISC 20250417*

Headquarters, 1st Cavalry Division
Joseph K. Venghaus, Military Judge
Lieutenant Colonel Allison McFeatters, Staff Judge Advocate

10 October 2025

-------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF
IN THE NATURE OF A WRIT OF PROHIBITION
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Judge:

The government petitioned for extraordinary relief, in the form of a writ of prohibition, requesting this court vacate the military judge's ruling to admit a witness statement in the accused's court-martial. We deny the petitioner's request for relief as the issuance of a writ is not appropriate under the circumstances.

## BACKGROUND

This case arises from the death of Sergeant (SGT) ███ Sergeant ███ died early in the morning between approximately 0740 and 0806 hours, after being shot in the head with a handgun in the accused's home. The accused, his wife, and Specialist (SPC) ███ were in the accused's home when SGT ███ died. During the previous evening into the early morning, the accused, SGT ███ and SPC ███ drank alcohol until all were intoxicated.

---

*Corrected

On the same morning of SGT ██'s death, the accused and SPC ██ told Criminal Investigative Division Special Agents (CID SAs) that SGT ██ committed suicide by shooting himself. Neither soldier was suspected of a crime or advised of his Article 31(b), UCMJ rights by CID SAs that morning. Over the ensuing days, CID SAs investigated SGT ██'s death. After collecting and analyzing evidence, CID SAs began to question whether SGT ██'s death was a suicide, and they reinterviewed the accused and SPC ██. During the accused's second interview, he admitted he shot SGT ██. During SPC ██'s second interview, which lasted over 10 hours, SPC ██ consistently told CID SAs that SGT ██ committed suicide. When CID SAs showed SPC ██ an audio recording of the accused, admitting he shot SGT ██ SPC ██ responded, "That's not true." The interview continued for approximately five more hours and SPC ██ did not change his story. Eventually, the CID SA asked SPC ██ to write a letter to SGT ██'s family. In the letter, SPC ██ wrote, "I don't know why [SGT ██ shot himself and I'm sorry I couldn't do anything to help him . . . .".

On 21 August 2025, in response to a motion filed by defense counsel, the military judge concluded SPC ██'s statement, "That's not true," exposed him to criminal liability and was supported by corroborating circumstances that indicated its trustworthiness. The military judge ruled that SPC ██ was unavailable pursuant to M.R.E. 804 and his statement was admissible under M.R.E. 804(B)(3).

On 22 August 2025, petitioner filed this writ of prohibition and requested an emergency stay of the proceedings.

## LAW AND ANALYSIS

The All Writs Act grants the power to "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act is not an independent grant of jurisdiction, nor does it expand a court's existing statutory jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999)(citations omitted). This court may not issue a writ unless (1) it is "in aid of" a court's jurisdiction; and (2) it is "necessary or appropriate." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008).

We decide this case on the second prong, and determine it is not appropriate for a writ of prohibition. "A writ of prohibition, like mandamus, is a 'drastic instrument which should be invoked only in extraordinary situations.'" *United States v. Gross*, 73 M.J. 864, 867 (Army Ct. Crim. App. 2014) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983), pet. denied, 74 M.J. 45 (C.A.A.F. 2014)). Thus, to prevail on a request for a writ, the petitioner must show three things: "(1) there is no other adequate means to attain relief; (2) the right to issuance of the writ

is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004)).

On an interlocutory ruling involving a discretionary decision of a military judge, "the decision 'must amount to more than even gross error; it must amount to a judicial usurpation of power, or be characteristic of an erroneous practice which is likely to recur.'" *Gross*, 73 M.J. at 869 (quoting *Labella*, 15 M.J. at 229). "A decision by a trial judge may be erroneous but not rise to the level of a usurpation of judicial power, so long as the trial judge's ruling is 'made in the course of the exercise of the court's jurisdiction to decide issues properly brought before it.'" *United States v. McDowell*, 2014 CCA LEXIS 169, 11 (A.F.C.C.A. Mar. 13 2014) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382 (1953)(order)), aff'd, 73 M.J. 457 (C.A.A.F. 2014).

We find the issuance of a writ is not appropriate in this case. The military judge had the authority to rule on the admissibility of hearsay evidence. His decision was within the court's jurisdiction. He ruled on an issue properly before him and he elected a lawful option in response to motions by the party opponents. Even if we were to find his decision erroneous, that is not enough for the issuance of a writ, which requires the heightened standard of "more than even gross error." *Gross*, 73 M.J. at 869. In the absence of a showing of judicial usurpation or "characteristics of an erroneous practice likely to recur," the issuance of a writ under these circumstances is not appropriate. *Id.* The military judge's decision to admit SPC RH's statement is not an "extraordinary situation" requiring the drastic remedy of a writ of prohibition.

## CONCLUSION

We conclude the petitioner has failed to demonstrate that issuance of a writ is appropriate under the unique circumstances of this case. The petitioner's request for extraordinary relief in the form of a writ of prohibition is DENIED. Our stay of the proceedings is VACATED.

Senior Judge FLEMING and Judge WILLIAMS concur.

FOR THE COURT:



JAMES W. HERRING, JR.
Clerk of Court

3