228

UNITED STATES, Appellee,

v.

Louis M. LABELLA, Commander, JAGC,
U.S. Navy Military Judge, Appellant,

Elaine R. McIntosh, Ocean Systems
Technician Third Class, U.S. Navy,

and

Maureen F. Tangarone, Ocean Systems
Technician Third Class, U.S. Navy,
Real Parties in Interest.

Misc. Nos. 83-6, 83-7.
NMCMR Nos. 82-11, 82-13.

U. S. Court of Military Appeals.

April 18, 1983.

For Appellant: *Lieutenant Commander
David S. Durbin,* JAGC, USNR (argued).

For Real Parties in Interest: *Lieutenant
Commander Richard K. Delmar,* JAGC,
USNR (argued).

For Appellee: *Commander Jay M. Siegel,*
JAGC, USNR (argued); *Commander W.J.
Hughes,* JAGC, USN (on briefs).

*Opinion of the Court*

PER CURIAM:

We have before us appellant's Memorandum of Decision Granting Motions to Dismiss; the opinion of the United States Navy-Marine Corps Court of Military Review [14 M.J. 976 (1982)] which granted the Government's Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and ordered appellant to reinstate the charges and specifications which he had dismissed for lack of subject-matter jurisdiction because the offenses were held not service connected; appellant's Petition from an Adverse Decision by the Navy-Marine Corps Court of Military Review on a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus praying for an order from this Court reversing the Court of Military Review's decision; and the briefs and arguments submitted by appellant, the real parties in interest, and appellee.

■ The writ of mandamus is a drastic instrument which should be invoked only in truly extraordinary situations. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Platt v. Minnesota Mining & Manufacturing Co.,* 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). We have permitted issuance of the writ to "confine an inferior court to a lawful exercise of its prescribed jurisdiction." *Dettinger v. United States,* 7 M.J. 216, 220 (C.M.A.1979), quoting from *Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943); *see also United States v. Redding,* 11 M.J. 100 (C.M.A.1981).

Appellant's thoughtful Memorandum of Decision dismissing the charges and specifications is based on his interpretation of our decision in *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980).

Admittedly the decision in *United States v. Trottier, supra,* as part of a developing area of law, is subject to differing interpretations. Other military judges have reached different conclusions. *See United States v. Lange,* 11 M.J. 884 (A.F.C.M.R.), *pet. denied,* 12 M.J. 318 (1981); *United States v. Brace,* 11 M.J. 794 (A.F.C.M.R. 1981), *pet. denied,* 12 M.J. 109 (1981). More definitive delineations of the law must await future cases. *See United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983).

■ A motion to dismiss for lack of jurisdiction is an interlocutory matter addressed to the discretion of the military judge, para. 67, Manual for Courts-Martial, United States, 1969 (Revised edition), and his decision will be reviewed on the test of abuse of discretion as are other decisions on interlocutory matters. *United States v. Buckingham,* 9 M.J. 514 (A.F.C.M.R.1980), *aff'd,* 11 M.J. 184 (C.M.A.1981). To justify reversal of a discretionary decision by mandamus, the judicial decision must amount to more than even "gross error"; it must amount "to a judicial 'usurpation of power,'" *United States v. DiStefano,* 464 F.2d 845, 850 (2d Cir.1972), or be "characteristic of an erroneous practice which is likely to recur." *Daiflon, Inc. v. Bohanon,* 612 F.2d 1249, 1257 (10th Cir.1979), *rev'd,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). *See LaBuy v. Howes Leather Co.,* 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); *Bauman v. United States District Court,* 557 F.2d 650 (9th Cir.1977); *United States v. Dooling,* 406 F.2d 192 (2d Cir.), *cert. denied sub nom. Persico v. United States,* 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969). Here, that is not the case, and the writ of mandamus is not available. *United States v. Mehrmanesh,* 652 F.2d 766, 770 (9th Cir.1980).

Appellant's Petition from an Adverse Decision by the Navy-Marine Corps Court of Military Review on a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus is granted. The decision of the United States Navy-Marine Corps Court of Military Review (14 M.J. 976) is reversed. The Government's Petition for Extraordinary Relief in the Nature of a Writ of Mandamus is dismissed.