# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

### No. 201700158
_____

### A.M.
Petitioner

v.

### UNITED STATES
Respondent

**And**

### NATHAN DENSFORD
Major, U.S. Marine Corps
Real Party In Interest

_____

Review of Petition for Extraordinary Relief in the Nature of a
Writ of *Mandamus*

Convening Authority: Commanding General, 2d Marine Aircraft
Wing, Cherry Point, NC.
For Petitioner: Eric S. Montalvo, Esq.; Carol A Thompson, Esq.
For Respondent: Captain Brian L. Farrell, USMC; Lieutenant James
M. Belforti, JAGC, USN.
For Real Party in Interest: Lieutenant Doug Ottenwess, JAGC, USN

_____

31 July 2017

_____

Before CAMPBELL, FULTON and HUTCHISON, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

_____

CAMPBELL, Senior Judge:

A.M. petitions this court for extraordinary relief in the nature of a writ of *mandamus*, to address an Article 32, Uniform Code of Military Justice (UCMJ), preliminary hearing officer (PHO) having excluded her, a crime victim, from a portion of the preliminary hearing, in violation of Article 6b(a)(3) and (e)(4)(F), UCMJ. The petitioner further alleges, under the same provisions, her exclusion wrongfully denied her meaningful participation in the preliminary hearing proceedings and access to evidentiary exhibits. Specifically, the petitioner asks that we "issue a writ of *mandamus* directing the Convening Authority to reopen the Article 32[, UCMJ,] proceedings, make available all post in-person proceeding submissions and submitted evidence, and provide a reasonable opportunity for the Victim to submit matters via her VLC [(victim's legal counsel)]."[1]

On 24 May 2017, we granted a stay of further action with respect to disposition of the alleged Article 120, UCMJ, offenses preferred against the real party in interest. Now, having received and considered the respondent's and the real party in interest's responses as to why relief should not be granted, we find the petitioner has not met her burden to demonstrate that extraordinary relief is warranted. The petition is denied.

## I. BACKGROUND

For approximately 30 minutes, on 25 April 2017, an Article 32, UCMJ, preliminary hearing addressed two preferred Article 120, UCMJ, violations that the real party in interest is alleged to have committed against the petitioner. The petitioner, her civilian VLC, and her military VLC attended the proceeding, during which "the government and defense submitted documentary and recorded exhibits," but presented no witness testimony.[2]

The civilian VLC orally objected to the PHO's consideration of A.M.'s recorded interview with the trial counsel—as cumulative and beyond the limited scope and purpose of the preliminary hearing—and to his consideration of an email from the trial counsel—as containing impermissible MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 412, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) inadmissible evidence that was also not within the limited scope and purpose of the hearing. The PHO indicated he would consider those objections and note his ruling on them in the report to the convening authority. When the PHO asked if she had any additional objections, the civilian VLC requested to reserve the right to object to any of the defense exhibits, since she had not had an opportunity to review them,

---

[1] Petitioner's Brief of 24 May 2017 at 9 (emphasis added).

[2] *Id.* at 4.

and indicated that she would make those objections in writing, if necessary. The PHO told the civilian VLC, "I will make sure that we include your right to provide comments, as well,"[3] in scheduling submission deadlines for the parties' written comments on the evidence.

The trial counsel, civilian defense counsel, and the military VLC all indicated they wished to provide written comments instead of making oral arguments for the PHO's consideration at the end of the proceeding. The PHO invited "all parties present"[4] to use their written comments to identify specific portions of the "large volume" of documents they believed to be the key pieces of evidence, as he would find it helpful in drafting his report to the convening authority.[5] Without objection, the PHO established submission deadlines for the parties' respective written objections and comments that included VLC participation: 1 May 2017 for the government, 3 May 2017 for the petitioner, and 5 May 2017 for the defense. The PHO then concluded "the in-person proceedings."[6]

According to the petitioner, "[u]pon closure of the in-person proceedings, [the civilian defense counsel] voiced his dismay to the [trial counsel] at the PHO's decision to allow VLC to submit written comments on the evidence," and they, along with "the Government's Highly Qualified Expert . . . then retreated to [the trial counsel]'s office in an apparent attempt to discuss this outside VLC's presence."[7] While the sequence of events is unclear from the filings, the petitioner also writes, "[u]pon closure of the in-person part of the proceedings, civilian and uniformed VLCs formally and jointly requested a complete copy of all defense exhibits from the [trial counsel]."[8]

On 3 May 2017, the civilian VLC emailed the trial counsel:

> I saw the email regarding the objections, but did not see any additional email regarding comments or pinpoint citations to the evidence. Did the government rest on the objections alone or was there a separate email submitted on which VLC was not cc'd?[9]

---

[3] Petition dated 24 May 2017, Attachment 1 at 24:22.

[4] *Id*. at 25:08.

[5] *Id*. at 25:35.

[6] Petitioner's Brief at 5.

[7] *Id*. at n.4 (citation omitted).

[8] Petitioner's Brief at 5 (citation omitted).

[9] Petition, Attachment 3 at 1.

The trial counsel responded later that day:

> Comments were submitted. We researched it and there is no requirement to submit written comments to the victim or to VLC. I can discuss with you if you would like.[10]

That same afternoon, the civilian VLC then emailed the PHO regarding the trial counsel's correspondence with her. She explained,

> . . . [RULE FOR COURTS-MARTIAL] (R.C.M.) 405(i)(2)(C)[, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.)]prescribes: "A victim has the right not to be excluded from any portion of a preliminary hearing related to the alleged offense." Providing comment on the evidence, the equivalence of a closing argument, is a part of the preliminary hearing. The fact that the trial counsel elected to provide written, as opposed to oral, comments does not alter this right.
>
> As such, victim's legal counsel respectfully requests a copy of the comments as submitted by the government counsel, and to be submitted by the accused's counsel.[11]

On 5 May 2017, the civilian defense counsel sent an email to the PHO, the trial counsel, and both the military and civilian VLC, but addressed only the PHO in the email text:

> In the event you were still contemplating providing counsels' written comments to the [VLC] . . . the defense would object to the production of the defense's written comments as outside of the scope of the PHO's duties and the conduct of the hearing. The defense believes that any production of these comments to the VLC . . . would prejudice Maj Densford in the event there is any future adjudication stemming from the preferred charges. The defense is available if you have any questions or concerns. Thank you.[12]

The PHO then sent an email response to all parties, specifically addressing the civilian defense counsel:

> That is why I have not yet sent anything. I am going to call you to discuss this (and will summarize anything we discuss in my report). While I respect the rights of the victim and will always support them, my bigger concern is ensuring a proper process

---

[10] *Id.*

[11] *Id.*, Attachment 4 at 1.

[12] *Id.*, Attachment 5 at 1.

> WRT the accused and ensuring that the ultimate purpose of the Article 32 remains the primary focus.[13]

Later that afternoon, the PHO responded to the civilian VLC's 3 May 2017 email:

> I will forward the written comments from counsel this weekend, unless I conclude that doing so would somehow prejudice the ability to prosecute (which is doubtful). The applicable rule supports transparency. Thanks for your note.[14]

Without further email communication with the PHO, the VLC learned, on 17 May 2017, "that the PHO had submitted his report with a finding that probable cause did not exist to support the Charge and two specifications of Article 120, UCMJ."[15] After providing the PHO notice of intent to file, but before filing, this petition, another lawyer in the civilian VLC's firm emailed the cognizant staff judge advocate the following requests:

> a) that the Convening Authority order the Preliminary Hearing be reopened in the above captioned matter;
>
> b) that counsel's summaries and accompanying exhibits provided to the PHO be provided to VLC counsel;
>
> c) that VLC be provided a reasonable period of time to review the aforementioned and provide a written response to the PHO for consideration in making his determination; and
>
> d) that the PHO be provided a reasonable period to consider the additional matters in making his determination and forward an updated report/recommendation.[16]

In response, the staff judge advocate repeatedly offered opportunities "for the VLC team to view the PHO report and all the accompanying documents" at his office or at the Legal Services Support Team offices.[17] There was no indication that the remaining requests would be granted.

## II. DISCUSSION

A writ of *mandamus* is "a drastic instrument which should be invoked only in truly extraordinary situations." *United States v. Labella*, 15 M.J. 228,

---

[13] *Id.*

[14] *Id.*, Attachment 4 at 1.

[15] Petitioner's Brief at 7.

[16] Petition, Attachment 7 at 3-4.

[17] *Id.* at 2.

229 (C.M.A. 1983) (citations omitted). To prevail, the petitioner must show that: "(1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004)).

Given the procedural history here, issuance of a writ of *mandamus* is the Article 6b(e)(1), UCMJ, statutorily prescribed, and only means of relief available for the petitioner to address a violation of her rights at the Article 32, UCMJ, proceeding—if a violation occurred—before the convening authority makes a disposition decision based upon consideration of the PHO's report.

For the second prong of our analysis, we consider separately the written comments and the evidentiary exhibits that the trial and defense counsel provided to the PHO for purposes of his Article 32(c), UCMJ, responsibilities to determine whether precluding the petitioner from also reviewing those materials before the PHO prepared his report violated the victim's statutory right to not be excluded. "Construction of a military rule of evidence, as well as the interpretation of statutes, the UCMJ, and the R.C.M., are questions of law reviewed de novo." *LRM v. Kastenberg*, 72 M.J. 364, 369 (C.A.A.F. 2013) (citations omitted)).

## A. Access to the written comments

Under Article 6b(a)(3), the victim of a UCMJ offense has:

> The right not to be excluded from any public hearing or proceeding described in paragraph (2)[, which includes an Article 32, UCMJ, preliminary hearing relating to the offense] unless the military judge or investigating officer, as applicable, after receiving clear and convincing evidence, determines that testimony by the victim of an offense under this chapter would be materially altered if the victim *heard other testimony* at that hearing or proceeding.

10 U.S.C. § 806b(a)(3) (emphasis added).

As the petitioner's counsel argues, had the trial and defense counsel elected to provide oral comments regarding the evidence and what the PHO should recommend in his report to the convening authority, the petitioner and her counsel could not have been prevented from remaining in the courtroom to hear those arguments. All of the evidence had been submitted, and since there was no testimony to be heard, the petitioner's presence during the trial and defense counsel's oral arguments was guaranteed by Article 6b, UCMJ.

We also agree with the petitioner that the trial and defense counsel's written comments, submitted in accordance with the PHO's ordered timelines, are functionally equivalent to oral comments in every regard. Furthermore, to the extent that those written comments might address any MIL. R. EVID. 412, 513, or 514 matters directly related to the petitioner, the ability to advocate or challenge the application of those clear victims' protections require that the petitioner's VLCs receive those aspects of the parties' written comments, have an opportunity to consult with the government counsel regarding them, and potentially address concerns directly to the PHO.

However, it is not clear that the trial and civilian defense counsel's written comments are part of the preliminary hearing, such that the petitioner must be provided a copy of them before the PHO completes the report to the convening authority, if those written comments involve only the ultimate issues to be addressed in the PHO's report—probable cause, jurisdiction, form of the charges, potential recommended additional charges, and disposition of the charges. Comments by counsel, or their arguments on the evidence, are not included as components of the preliminary hearing. They are not even mentioned in Article 32, UCMJ, or R.C.M. 405.

Ensuring that the victim understands any trial or defense counsel recommendations regarding those ultimate PHO report issues may align well with the overarching rationale of keeping the victim informed of the events as they occur throughout the various procedural phases of the military justice process—like when an accused's confinement status may change or when there is a pretrial agreement offer. But the accused's rights advisement and the presentation of evidence and witness examinations fully comprise the procedural requirements of a preliminary hearing under Article 32, UCMJ, and R.C.M. 405. The petitioner was not excluded from those clearly required components of the preliminary hearing.

The petitioner has not demonstrated that anything other than recommendations regarding the required components of the PHO's report were raised in the trial and civilian defense counsel's written comments. Therefore, preventing the petitioner from viewing those written comments and not affording her an the opportunity to consult with the trial counsel regarding them before the PHO completed and submitted his report to the convening authority resulted in no violation which gave the petitioner a clear and indisputable right to the requested relief. Even the PHO's *ex parte* discussions with the civilian defense counsel regarding whether to serve the VLC with the written comments did not clearly violate the petitioner's right to not be excluded from the Article 32, UCMJ, proceeding.

**B. Participation and access to evidentiary exhibits**

The petitioner further argues that she has "a right to . . . reasonably participate in the preliminary hearing proceedings,"[18] and that this right to "meaningful participation and [for] her 'voice' to be heard" is part of "the express right to be present for the entirety of the preliminary hearing proceeding."[19] To the extent that the petitioner avers she has a right to review all of the defense documents—even those submitted as exhibits without being openly published during the preliminary proceeding—and a right to "voice" her general views at the preliminary hearing with oral or written comments independent of the trial counsel, we disagree.

Although the PHO allowed the VLC to reserve objections to the defense exhibits and to submit written comments for his consideration in making his report to the convening authority, those opportunities are tethered to the petitioner's specific rights under Article 6b, UCMJ. Beyond the rights to not testify and to not be excluded from the Article 32, UCMJ, preliminary hearing, the petitioner "has the right to reasonable, accurate, and timely notice of [the] preliminary hearing relating to the alleged offense, the right to be reasonably protected from the accused, and the reasonable right to confer with counsel for the government during the preliminary hearing" under Article 6b, UCMJ. R.C.M. 405(i)(2)(A). Therefore, latitude to represent the petitioner's concerns at the preliminary hearing, since the petitioner was present but did not testify, was limited to MIL. R. EVID. 412, 513, 514, and 615 matters. A victim may provide disposition input to the convening authority as a witness, through a government or defense exhibit, or outside of an Article 32, UCMJ, preliminary hearing.[20] But the Article 6b(a)(4) right to be reasonably heard regarding a personal opinion or recommendation about the general matters at issue in a particular hearing outside of a MIL. R. EVID. 412, 513, 514, or 615 context extends only to pretrial confinement hearings, courts-martial sentencing hearings, and service clemency and parole board hearings related to offenses involving a victim.

Therefore, the petitioner's right to not be excluded from an Article 32, UCMJ, preliminary hearing ensures her the opportunity to attend the entire proceeding that relates to the offenses involving her (with possible exceptions

---

[18] Petitioner's Brief at 8.

[19] *Id.* at 10.

[20] *See* R.C.M. 306(b) Discussion and R.C.M. 306(e) regarding initial disposition decisions, and R.C.M. 401(c) Discussion ("The commander with authority to dispose of charges should consider such views of the victim prior to deciding how to dispose of the charges and should continue to consider the views of the victim until final disposition of the case.").

under Article 6b(a)(3), UCMJ, or based on MIL. R. EVID. 505 or 506 privileges), but not to receive all of the exhibits submitted by the parties. Marine Corps Bulletin 5800 provides limited discovery requirements upon the trial counsel to provide, upon request, certain items to the victim or VLC before the Article 32, UCMJ, preliminary hearing.[21] Those discovery requirements ensure the victim and VLC are aware of the issues potentially implicating the protections afforded by Articles 6b and 32, UCMJ, or MIL. R. EVID. 412, 513, 514, and 615. Yet outside of those discovery requirements, Article 6b affords the petitioner no greater access to the documents not publically displayed while passing between the parties during the hearing than it affords to any other courtroom observer watching the proceeding.[22]

---

[21] During the investigation stage before preferral of charges, those items include "[a] copy of all statements and documentary evidence adopted, produced, or provided by the victim that are in the possession of the Counsel for the Government or SJA" and "[c]opies of any official requests, subpoenas, search authorizations or search warrants issued by military authorities to any third party custodian for documents or records in which the victim maintains a privacy interest." MCBUL 5800, Encl (1) at ¶ 16.a. Upon preferral of charges, the government must provide the victim "[a] copy of the charge sheet . . . setting forth the preferred specifications pertaining to that victim" and "a copy of the appointing order directing a preliminary hearing under Article 32, UCMJ . . . and any requests for continuance." *Id.* at ¶ 16.b. During the procedural phase after the Article 32, UCMJ, preliminary hearing, "[u]pon receipt or filing by the government," the victim must receive "[a] copy of any filing, including attachments, that implicates the victim's rights, privileges, or protections. . . . includ[ing] those that seek to limit a victim's ability to participate in the court-martial, affect the victim's possessory rights in any property, concern the victim's privileged communications or private medical information, involve the victim's right to be heard, seek to admit evidence of the victim's past sexual behavior or sexual predisposition, seek to obtain information from a third party custodian via documents or records in which the victim may maintain a privacy interest, or the scheduling of the court-martial[.]" *Id.* at ¶ 16.c.

[22] Even after the hearing, although the victim of a UCMJ offense "may request access to, or a copy of, the [requisite] recording of the proceedings," and the trial counsel "shall provide the requested access to, or a copy of, the recording to the victim not later than a reasonable time following dismissal of the charges, unless charges are dismissed for the purpose of re-referral, or court-martial adjournment[,]" R.C.M. 405(i)(6), the full exhibits included within the PHO's written report to the convening authority is not part of the recording to which the victim is entitled.

### III. CONCLUSION

The Petition for a Writ of *Mandamus* is denied. The stay ordered on 24 May 2017 is lifted.

Judge FULTON and Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court