IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| In re A.H.,<br>    Petitioner | 28 August 2019 |
| | PETITION FOR EXTRAORDINARY<br>RELIEF AND STAY, FILED |
| United States,<br>    Real Party in Interest | 23 AUGUST 2019 |
| Daniel Rankin,<br>Aviation Maintenance Technician<br>  Third Class (E-4) | MISC. DOCKET NO. 002-19<br><br>ORDER |
| U.S. Coast Guard,<br>    Real Party in Interest | BEFORE MCCLELLAND, BRUCE &<br>BRUBAKER |

MCCLELLAND, Chief Judge:

Petitioner, an alleged crime victim under Article 6b, Uniform Code of Military Justice (UCMJ), seeks a writ of *mandamus* reversing a military judge's order in the pending case of United States v. AMT3 Daniel Rankin without allowing Petitioner the right to move to quash or modify said subpoena; and a stay pending our decision on granting a writ.[1] On 26 August 2019, we granted a stay for two days, and ordered Petitioner to provide certain documents from the trial proceedings to date; to address the question of whether a victim has a right to a second opportunity to raise objections that could have been raised earlier in a case where the victim has already submitted an objection; and to provide to this Court what Petitioner would submit to the military judge if the petition is granted. Petitioner filed a response to our order on 27 August 2019.[2]

More specifically, Petitioner seeks an order providing her the opportunity, in accordance with Rule for Courts-Martial (R.C.M.) 703(g)(3)(C)(ii), Manual for Courts-Martial, United

---

[1] On 19 August 2019, we had granted Petitioner's request for an emergency stay of the same order to allow submission of a petition for extraordinary relief, extending through 23 August 2019. Late in the day on 23 August 2019, Petitioner submitted the instant petition.

[2] The petition has several appendices, supplemented by the documents provided by Petitioner pursuant to our order of 26 August 2019. They are documents apparently filed in the trial proceedings, including charge sheets, motions and orders, and related emails. There is apparently not yet a certified record of trial. Petitioner has moved for leave "to separately file [an] appendix . . . certified in accordance with Rule for Courts-Martial 1112(c)." (Motion for Leave to File Separately a Certified Appendix.) The motion is denied as unnecessary. We accept the appendices and supplemental documents as a proffer.

1

States (2019 ed.) to "move to modify or quash the subpoena issued for her private medical records." The subpoena in question was ordered by the military judge to be issued to a certain doctor, to provide records of care for A.H. from a certain ten-month period, for the judge's *in-camera* review.

The military judge's order, dated 14 August 2019, ensued from a discovery motion by the defense requesting a subpoena to the stated doctor for Petitioner's stated medical records, to which Petitioner had filed a response urging the military judge to deny the defense motion. On the same date, Petitioner's counsel requested by email "that no subpoena be issued before I have a chance to confer with my client so that she may explore her right for relief under R.C.M. 703(g)(3)(G)." (Petition, Appendix J at 2.) The military judge responded on the same date, observing that R.C.M. 703(g)(3)(G) allows a person who has been subpoenaed to file a motion to quash the subpoena, and "in my view, that would be [the doctor], not your client." (*Id.*) He invited counsel to reply further, and directed trial counsel not to issue the subpoena until the military judge so instructs. In an email of 15 August 2019, Petitioner's counsel responded, concluding that his "client has a right under R.C.M. 703 to receive notice prior to issuance, and the opportunity to file a motion to protect her privacy." (*Id.*) The military judge's email of the same date told counsel, "I disagree with your analysis," and directed trial counsel to issue the subpoena. (*Id.* at 1.) The next day, Petitioner requested this Court to issue an emergency stay, which was followed by the instant petition.

Petitioner's language, "modify or quash," comes from R.C.M. 703(g)(3)(G). R.C.M. 703(g)(3)(C)(ii) reads in pertinent part:

> (ii) *Subpoenas for personal or confidential information about a victim.* After preferral, a subpoena requiring the production of personal or confidential information about a victim named in a specification may be served on an individual or organization . . . . Before issuing a subpoena under this subparagraph and unless there are exceptional circumstances, the victim must be given notice so that the victim can move for relief under subparagraph (g)(3)(G) or otherwise object.

R.C.M. 703(g)(3)(G) provides for "a person subpoenaed" to request relief from a military judge. We agree with the military judge that this provision is not available to Petitioner, because

she is not a person subpoenaed. However, the final words of R.C.M. 703(g)(3)(C)(ii), "or otherwise object," provide a victim, such as Petitioner, a right to notice and the opportunity to object before issuance of a subpoena.

In response to our order of 26 August 2019, to address the question of whether a victim has a right to a second opportunity to raise objections, Petitioner argues that previous objections "are not dispositive of the right under R.C.M. 703(g)(3)(C)(ii); they have no bearing on it at all." (Petitioner's Answer to Order of 26 August 2019 at 2.)

Petitioner does not say what she would submit to the military judge if the petition is granted.[3] We note that the petition states Petitioner and counsel have not had the opportunity to discuss the matter.

Article 6b, UCMJ, empowers this court to issue writs of *mandamus* when needed to enforce certain protections afforded to alleged victims. Article 6b(e), UCMJ. This includes "[t]he right to be treated with fairness and with respect for the dignity and privacy of the victim." Article 6b(a)(8), UCMJ. However, the writ of *mandamus* is "a drastic instrument which should be invoked only in truly extraordinary situations." *In re C.P-B*, 78 M.J. 824 (C.G.Ct.Crim.App. 2019) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983); other citation omitted). "To prevail, a petitioner seeking an extraordinary writ must show that: '(1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances.'" *Id.* (citing *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012); other citations omitted).

Considering that Petitioner already raised objections to issuance of a subpoena before the military judge, albeit prior to the military judge's decision that a subpoena was appropriate, and considering that Petitioner has not shown that she would have any new objections, Petitioner has not established that the right to issuance of the requested writ is clear and indisputable, or that

---

[3] Petitioner claims that she would be entitled to argue that the subpoena is unreasonable or oppressive. Those terms are found in R.C.M. 703(g)(3)(G), which, as we have stated, is not available to Petitioner, who is not the subject of the subpoena, *per se*. This does not preclude the possibility that such an argument would be persuasive in the course of a victim's "otherwise object[ing]."

issuance is appropriate. If the military judge was required to give Petitioner a second opportunity to raise objections, his failure to do so was harmless, on the information before us. We need not decide what would be required if Petitioner were to present a new objection to the military judge.

Accordingly, it is, by the Court, this 28th day of August, 2019,

ORDERED:

That the Petition for Extraordinary Relief is denied; no further stay is granted.



For the Court,

L. I. McClelland
Chief Judge

Copy: Military Judge
Special Victims' Counsel
Appellate Government Counsel
Appellate Defense Counsel
Office of Military Justice