# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re HK,** | ) | **Misc. Dkt. No. 2021-07** |
|     *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | **PANEL 1** |

On 13 September 2021, Petitioner requested this court issue a writ of mandamus vacating a trial judge's decision to grant a defense-requested continuance. Petitioner further asks us to find that she has standing to argue for her rights under Article 6b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b, before the trial judge. This court docketed the petition on 16 September 2021; we thereafter granted the Government and the accused leave to file answers to the petition, and granted Petitioner leave to file a reply to those answers. Having considered the petition, the answers, and the reply, we find Petitioner is not entitled to the requested relief.

## I. BACKGROUND

On 9 June 2021, four charges against TSgt LB ("the accused") were referred to a general court-martial; one of these charges alleges the accused sexually assaulted Petitioner. During voir dire of the potential court members on 23 August 2021, the Defense learned the Government intended to rely on evidence which the Defense had not been provided in discovery. The Government then turned over nearly 2,000 pages of text messages to the Defense. The next day, on 24 August 2021, the Defense sought a continuance, via a written motion, to review the evidence. The Government opposed the Defense's request but did not submit a written response to the motion. Also on 24 August 2021, Petitioner, through her special victims' counsel, submitted a written response to the military judge, objecting to any continuance. She argued that Article 6b, UCMJ, guaranteed her the right to proceedings free from unreasonable delay, and that any delay in the case would only compound the financial burdens she was already suffering by virtue of being required to be present for the court-martial. She asserted that her hourly job did not pay her when she was not present for work, and the prospect of missing more work endangered her ability to pay her rent and support her family.

Also on 24 August 2021, the military judge granted the Defense's motion and set the court-martial for 11 April 2022, nearly eight months later.[1] In his written ruling, the military judge concluded Petitioner did not have standing to be heard on the matter, and that Petitioner's avenue of redress was to seek a writ of mandamus from a military Court of Criminal Appeals. The instant petition followed, in which Petitioner asks us to vacate the military judge's ruling and to direct the military judge to permit her to assert her rights under Article 6b, UCMJ, at the accused's court-martial.[2]

## II. LAW

This court has jurisdiction over the petition under Article 6b, UMCJ, which establishes a victim's ability to petition this court when the victim "believes . . . a court-martial ruling violates the rights of the victim afforded" by that article. Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1). The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943) (citations omitted). In order to prevail on a petition for a writ of mandamus, a petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380–81, (2004)). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

A military judge's decision warranting reversal via a writ of mandamus "must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur." *Labella*, 15 M.J. at 229 (internal quotation marks and citations omitted).

## III. ANALYSIS

We begin our analysis with a brief review of victims' rights in the context of the military justice system, because an understanding of the evolution of

---

[1] Trial defense counsel told the military judge their first available date for trial was 24 January 2022. The Government, meanwhile, said it could not be prepared to proceed until 11 April 2022 due to witness availability.

[2] Petitioner does not challenge the military judge's decision on the continuance request itself, but rather the fact he ruled without hearing from her.

those rights helps define what Petitioner is and is not entitled to under Article 6b, UCMJ.

In July 2013—prior to the enactment of Article 6b, UCMJ—the United States Court of Appeals for the Armed Forces (CAAF) ruled on a petition for extraordinary relief brought by LRM, the named victim in a then-ongoing sexual assault court-martial. *LRM v. Kastenberg*, 72 M.J. 364 (C.A.A.F. 2013). The trial judge in that case had said he was prohibiting LRM from being heard through her detailed special victims' counsel on matters pertaining to Mil. R. Evid. 412 (victim's sexual behavior or predisposition) and Mil. R. Evid. 513 (psychotherapist-patient privilege). *Id.* at 366–67. LRM's subsequent petition for extraordinary relief sought an order directing the military judge to reverse his position and receive motions and accompanying papers from her. *Id.* at 372. The CAAF found the military judge's ruling to be erroneous—in part because both Mil. R. Evid. 412 and Mil. R. Evid. 513 explicitly granted LRM a reasonable opportunity to attend the relevant hearings and be heard at them. *Id.* at 370–71. The court further concluded neither rule precluded her from being heard *through counsel. Id.*

Later that year, Congress passed the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (26 Dec. 2013) (FY14 NDAA). Section 1701 of that act was titled, "Extension of Crime Victims' Rights to Victims of Offenses Under the Uniform Code of Military Justice," and created Article 6b, UCMJ. As originally enacted, that article defined eight substantive rights for victims of crimes under the UCMJ, including the right to be reasonably protected from an accused, the right to notice of certain events, and the right to be treated with fairness and respect for his or her dignity and privacy. Article 6b(a), UCMJ, 10 U.S.C. § 806b. Two of those eight specific rights are relevant here: (1) the right to proceedings free from unreasonably delay, and (2) the right to be reasonably heard at certain proceedings. *Id.* The latter provision entitles a victim to be reasonably heard at: (1) pretrial confinement hearings; (2) sentencing hearings; and (3) clemency and parole hearings. *Id.* The FY14 NDAA did not include any enforcement mechanism related to alleged violations of these rights; however, it directed the Secretary of Defense to recommend changes to the Manual for Courts-Martial and prescribe relevant regulations to address such issues as enforcement and complaints of violations. FY14 NDAA § 1701(b). Thus, as a result of the FY14 NDAA, victims of offenses under the UCMJ were given the right to be heard at hearings related to an accused's sentencing, as well as pre- and post-trial confinement-related proceedings. In addition, and separate from Article 6b, UCMJ, victims had the right to be heard at courts-martial with respect to matters as specifically permitted by other authorities, such as Mil. R. Evid. 412 and Mil. R. Evid. 513.

Since its enactment, Article 6b, UCMJ, has been repeatedly amended, but its overall structure has remained the same. In the National Defense Authorization Act for Fiscal Year 2015, Congress added an enforcement mechanism to this article, granting victims the ability to petition a Court of Criminal Appeals for a writ of mandamus in the event of an alleged violation of any of the eight rights set out in the act, as well as for alleged violations of Mil. R. Evid. 412 and Mil. R. Evid. 513. Pub. L. No. 113-291 § 535, 128 Stat. 3292 (2014).[3] The following year, the writ of mandamus provision was expanded to reach alleged violations of Mil. R. Evid. 514 (victim advocate-victim privilege) and Mil. R. Evid. 614 (exclusion of witnesses from a courtroom). *See* National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92 § 531, 129 Stat. 726 (2015). In the National Defense Authorization Act for Fiscal Year 2018 amendments, the CAAF was given authority to review rulings by the Courts of Criminal Appeals on petitions seeking to enforce those protections afforded under Article 6b, UCMJ. Pub. L. No. 115-91 § 531, 131 Stat. 1283 (2017). Most recently, in 2021, victims were given the right to notice of certain post-trial motions, filings, and hearings. *See* National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 § 541, 134 Stat. 3388 (2021).

In spite of the frequent amendments of Article 6b, UCMJ, what has not changed is its overall structure with respect to victim rights. The article sets out the eight rights, one of which is the right to be heard. But this right to be heard only extends to hearings related to an accused's sentencing and pre- and post-trial confinement. The article further permits a victim to seek a petition for extraordinary relief from a Court of Criminal Appeals for violations of those eight rights in addition to violations of various other rules. Nowhere in Article 6b, UCMJ, are victims granted the right to be heard by a trial judge on any matter other than an accused's sentence or confinement; instead, the enforcement of victims' rights is sought through petitions to appellate courts.

Petitioner and the parties offer various theories on whether HK has standing to be heard on her right to proceedings free from unreasonable delay under Article 6b(a)(7), UCMJ. 10 U.S.C. § 806b(a)(7). By the plain language of Article 6b, UCMJ, she does. The salient question here is whether she has the right to be heard by the military judge at the trial level on this issue, and we conclude she does not.[4]

---

[3] This amendment also authorized petitions with respect to preliminary hearings under Article 32, UCMJ, 10 U.S.C. § 832, as well as to any order directing a victim's deposition.

[4] The accused in this case argues that Petitioner's claim is moot by virtue of the original trial date having passed. As a result of the military judge's ruling on the motion for a

Petitioner points us to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, which was passed in 2004 and addresses victim rights in federal courts. Her theory is that Article 6b, UCMJ, was generally derived from the CVRA, and the CVRA's legislative history shows that the bill's sponsors were concerned about the impact of trial delays on victims. In support of this theory, she points to federal district courts which have considered victims' inputs regarding proposed delays. Petitioner's theory is not without basis, in light of both the textual similarities between the CVRA and Article 6b, UCMJ, and the fact the act creating Article 6b, UCMJ, titled that provision as "Extension of Crime Victims' Rights to Victims of Offenses Under the Uniform Code of Military Justice." However, even if we were to assume Article 6b, UCMJ, is based on the CVRA, this would not help Petitioner's argument here. The CVRA—unlike Article 6b, UCMJ—explicitly calls for alleged violations of victims' rights to be raised before, and decided by, the district court in which the defendant is being prosecuted. 18 U.S.C. § 3771(d)(3). Upon an adverse ruling, a victim to whom the CVRA applies may *then* seek a writ of mandamus from the relevant court of appeals. *Id.*

If Congress did in fact use the CVRA as a template in crafting Article 6b, UCMJ, the absence in the latter of a requirement for the trial court to first hear matters of alleged victim-right violations tells us Congress likely considered—and rejected—applying the CVRA's trial-level enforcement mechanism to the military. Our role, however, is not to try and divine either why Congress declined to legislatively entitle victims in the military justice system to be heard by trial judges on alleged violations of any of the eight rights in Article 6b, UCMJ, or why the article only specifically entitles victims to be heard at confinement- and sentence-related hearings. Instead, our role is to apply Article 6b, UCMJ, as Congress enacted it, and that article includes no provision

---

continuance, however, the court-martial is not scheduled to recommence until April 2022. Thus, if we were to vacate the military judge's ruling and direct a new hearing in which Petitioner is permitted to be heard, a new trial date might be established which takes Petitioner's interests into consideration and results in an agreeable schedule. As a result, we conclude we can redress the injury alleged here, and Petitioner's claim is not moot. *Cf.*, *Uzuegbunam v. Preczewski*, __ U.S. __, 141 S. Ct. 792, 802 (2021) (concluding that even nominal damages of one dollar may provide redress and defeat a claim of mootness). Similarly, insofar as the accused's court-martial is still pending, we find it entirely foreseeable one or both of the parties might seek future continuances, and that the military judge would again refuse to hear from Petitioner and issue further near-immediate rulings. This determination renders the issue presented here "capable of repetition, yet evading review," an exception to the general doctrine of mootness. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113, 125 (1973) (quoting *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)).

requiring a victim be granted the opportunity to be heard at the trial level regarding his or her right to proceedings free from unreasonable delay.

For the foregoing reasons, Petitioner has not demonstrated that the right to issuance of the writ she seeks is clear and indisputable, and she has therefore failed to show the appropriateness of the relief she requests.

Accordingly, it is by the court on this 22d day of October, 2021,

**ORDERED:**

The Petition for Writ of Mandamus dated 13 September 2021 is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court