# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| *In re* KC | ) | **Misc. Dkt. No. 2021-06** |
| *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

On 10 September 2021, Petitioner filed with this court a Petition entitled "Motion to Stay Proceedings and Petition for Extraordinary Relief" seeking to allow KC to "testify via remote means at the [*United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967)] hearing in this case." Petitioner alternatively requests relief in the form of "stay[ing] proceedings until the end of the COVID-19 National Emergency if the Petition is unsuccessful." Petitioner has attached a number of appendices consisting of government motions, defense replies, rulings of the military judge, and related documents.

This court docketed the petition on 14 September 2021; we thereafter granted the United States and Technical Sergeant (TSgt) Matthew P. Leipart[1] leave to file answers to the petition, and granted Petitioner leave to file a reply to those answers. On 1 October 2021, we received answers from the Government and TSgt Leipart. On 11 October 2021, we received Petitioner's reply. Having considered the petition, the answers, and the reply, we find Petitioner is not entitled to the requested relief.

## I. BACKGROUND

On 29 November 2018, at Whiteman Air Force Base (AFB), Missouri, a general court-martial composed of a military judge alone found TSgt Leipart, pursuant to his pleas, guilty of two specifications of communicating a threat in violation Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §934;[2] two specifications of assault consummated by a battery, in violation of

---

[1] Appellant in *United States v. Leipart*, ACM 39711, and Petitioner in Misc. Dkt. No. 2021-03.

[2] Unless otherwise noted, all references in this order to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

Article 128, UCMJ, 10 U.S.C. § 928; and one specification of aggravated assault with a dangerous weapon, means, or force, in violation of Article 128, UCMJ. In addition, contrary to TSgt Leipart's pleas, the military judge found TSgt Leipart guilty of two specifications of sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The military judge sentenced TSgt Leipart to a dishonorable discharge, confinement for 21 years, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. On 31 May 2019, the convening authority approved the adjudged sentence. Petitioner was the victim of the offenses for which TSgt Leipart was found guilty.

On 26 April 2021, TSgt Leipart filed a petition for a new trial pursuant to Article 73, UCMJ, 10 U.S.C. § 873, alleging newly discovered evidence of fraud upon the court. TSgt Leipart claimed Petitioner committed perjury during her testimony at TSgt Leipart's trial. On 14 June 2021, we ordered that the record of trial and petition be returned to The Judge Advocate General, so that an appropriate convening authority could direct a post-trial fact-finding hearing.[3] We ordered that the detailed military judge "may require the presence of any witnesses deemed necessary" and shall have broad authority with regard to "control of the courtroom, docketing, and rulings on continuances."

A post-trial *DuBay* hearing was docketed for 9 August 2021. On 5 August 2021, the Government submitted a motion to the detailed military judge requesting a continuance and requesting that all witnesses, including Petitioner, be permitted to provide testimony via remote means. The military judge granted the continuance, but denied the request for remote testimony. Petitioner submitted a motion for reconsideration of the military judge's ruling, which the military judge considered and then denied. The military judge stated he would provide the reasons for his ruling on the record at the *DuBay* hearing. The hearing was continued to 19 January 2022, and is scheduled to take place at Fort Leavenworth, Kansas, where TSgt Leipart is confined.

Petitioner seeks extraordinary relief relating to the military judge's order requiring her physical production for the *DuBay* hearing. Petitioner contends that her travel to the United States from Australia for the hearing violates: her "right to be reasonably protected from the accused," *see* Article 6b(a)(1), UCMJ, 10 U.S.C. § 806b(a)(1); her "right to be treated with fairness and with respect for [her] dignity and privacy," *see* Article 6b(a)(8), UCMJ, 10 U.S.C. § 806b(a)(8); and her "right to proceedings free from unreasonable delay," *see* Article 6b(a)(7), UCMJ, 10 U.S.C. 806b(a)(7). Petitioner argues that requiring in-person testimony violates her Article 6b, UCMJ, rights because: (1) it will subject her to ongoing fear of TSgt Leipart and his family; (2) requiring her to travel halfway around the world for a hearing during the COVID-19 pandemic

---

[3] *See DuBay,* 37 C.M.R. at 413.

is cruel and "defies tenets of basic dignity and fairness;" and (3) delaying the hearing is unreasonable when remote testimony is a viable option.

Petitioner did not request a writ of mandamus, arguing that JT. CT. CRIM. APP. R. 29(b) supports our continued jurisdiction over the *DuBay* hearing and the military judge's ruling on Petitioner's motion for reconsideration. However, in her reply, Petitioner acknowledges that we might characterize the petition as a writ of mandamus and argues that she is still entitled to relief under that standard.

The United States and TSgt Leipart both request the petition be denied.

## II. LAW

"[C]ourts look at the substance of the writ[,] rather than the form." *Loving v. United States*, 62 M.J. 235, 252 (C.A.A.F. 2005) (citations omitted).

Article 6b, UMCJ, 10 U.S.C. § 806b, establishes a victim's ability to petition this court when the victim "believes that . . . a court-martial ruling violates the rights of the victim afforded" by that article. Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1).

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943) (citations omitted). In order to prevail on a petition for a writ of mandamus, a petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380–81, (2004)). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

A military judge's decision warranting reversal via a writ of mandamus "must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur." *Labella*, 15 M.J. at 229 (internal quotation marks and citations omitted).

## III. ANALYSIS

To the extent Petitioner likens the petition to a motion for reconsideration of our 14 June 2021 order, we find the petition is without merit.

Article 6b(e)(1) and (4), UCMJ, specifically authorizes the victim of an offense to petition the Court of Criminal Appeals for a writ of mandamus to require compliance with the victim's rights. A victim has the right, *inter alia*, to be reasonably protected from the accused, to proceedings free from unreasonable delay, and to be treated with fairness and respect for her dignity and privacy. *See* Article 6b(a)(1), (7), and (8), UCMJ, 10 U.S.C. § 806b(a)(1), (7), (8). Accordingly, the Petition is properly before this court. However, we find the military judge's rulings are within the broad discretion granted him and do not obviously infringe the rights Petitioner invokes. Petitioner has not demonstrated that the right to issuance of the writ is clear and indisputable, or that issuance of the requested relief is appropriate under the circumstances. Petitioner has therefore failed to show she is entitled to the relief she requests.

Accordingly, it is by the court on this 9th day of November, 2021,

**ORDERED:**

Petitioner's "Motion to Stay Proceedings and Petition for Extraordinary Relief," dated 10 September 2021, are **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court