# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re SD | ) | Misc. Dkt. No. 2025-09 |
| *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| Gabriel A. BINKLEY | ) | |
| Senior Airman (E-4) | ) | |
| U.S. Air Force | ) | |
| *Real Party in Interest* | ) | Panel 2 |

On 21 August 2025, Petitioner filed with this court a petition requesting relief in the form of a writ of mandamus pursuant to Article 6b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b. On the same date, Petitioner supplemented her petition stating that she was not requesting a stay of the proceedings at that time. The petition was docketed on 22 August 2025 and pertained to the pending court-martial of *United States v. Senior Airman Gabriel A. Binkley*, scheduled to reconvene on 15 September 2025, at Shaw Air Force Base, South Carolina.

Petitioner, the alleged victim in this case, asks this court to: (1) vacate the military judge's ruling which held violations of Article 130, UCMJ, 10 U.S.C. § 930, do not qualify as "sexual offenses" contemplated under Mil. R. Evid. 412, and that Petitioner "lack[ed] standing to be heard in matters impacting her Article 6b(9), UCMJ, rights;" (2) reverse the military judge's decision denying Petitioner's request for a closed hearing; and (3) direct the trial court "to seal all records containing evidence of her alleged sexual behaviors and predispositions, and . . . likewise seal the attachments to [the petition] as well."

On 27 August 2025, this court ordered the Government and the Real Party in Interest (RPI) to file answers to the petition not later than 12 September 2025, and permitted Petitioner to file a reply within seven days from the date both answers were filed.

In the interim, with the court-martial still scheduled to reconvene on 15 September 2025, on 11 September 2025 Petitioner moved this court to file a motion to stay the proceedings. The RPI opposed the motion to stay proceedings. On 12 September 2025, we granted Petitioner's motion for leave to file the motion to stay the proceedings, but denied the stay.

On 12 September 2025, the RPI filed his answer, and on 15 September 2025, the Government moved this court to file its answer out of

time. As there was no opposition, we granted the Government's motion. Both the RPI and the Government recommended the petition be denied. On 16 September 2025, Petitioner filed her reply to both the RPI's answer and the Government's answer.

On 17 September 2025, the RPI moved this court to file a motion to dismiss. The RPI contended the conclusion of his court-martial rendered the petition moot, specifically the portions of the petition "regarding applicability of [Mil. R. Evid.] 412 to evidence concerning the stalking charge in [the RPI's] court-martial" and "seeking a closed hearing." On 19 September 2025, the RPI moved this court to attach a redacted copy of the Statement of Trial Results (STR) from the RPI's court-martial, which we granted. The STR reflects that the RPI was convicted of several offenses, but found not guilty of the Article 130, UCMJ, stalking offense, and was sentenced to seven months of confinement, reduction to the grade of E-1, a bad-conduct discharge, and a reprimand.

On 19 September 2025, Petitioner opposed the RPI's motion to dismiss. Petitioner acknowledges that the RPI's court-martial has concluded, but noted that his sentence also affords him automatic appellate review. Petitioner claims her petition is not moot because "the requisite sealing under [Mil. R. Evid.] 412 did not occur," and therefore, "if this court issues a writ vacating the [m]ilitary [j]udge's ruling and declaring [Mil. R. Evid.] 412 applicable, then those papers would be sealed as necessary for the protection of [Petitioner]'s privacy."

In order to prevail on a petition for a writ of mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)); *see also H.V.Z. v. United States*, 85 M.J. 8, 12–13 (C.A.A.F. 2024) (holding the *Hasan* standard for mandamus relief applies to Article 6b, UCMJ, petitions).

The essential question here is whether "stalking" in violation of Article 130, UCMJ, is an "alleged sexual offense," to which Mil. R. Evid. 412 applies by its terms.

Mil. R. Evid. 412(1)(a) prohibits the introduction of "evidence offered to prove that a victim engaged in other sexual behavior," in "any proceeding involving an alleged sexual offense," unless one or more of three exceptions specified in Mil. R. Evid. 412(b) applies. Mil. R. Evid. 412(c) requires the military judge to hold a closed hearing before admitting such evidence, and the rule allows a victim to be heard through counsel on such matters. For purposes of the rule, Mil. R. Evid. 412(d) defines "sexual offense" as "any sexual misconduct punishable under the [UCMJ], federal law or state law."

10 U.S.C. § 1044e(a)(1) authorizes "the victim of an alleged sex-related offense" to be represented by victims' counsel. 10 U.S.C. § 1044e(h)(1) includes Article 130, UCMJ, in a list of a "sex-related offenses."

In a somewhat different context, Rule for Courts-Martial (R.C.M.) 306A, *Initial disposition of offenses over which a special trial counsel exercises authority*, also includes Article 130, UCMJ, in a list of "sex-related offenses."

Article 130(a), UCMJ, prohibits certain courses of conduct that, *inter alia*, "induce[ ] reasonable fear in [a] specific person of death or bodily harm, including sexual assault, to . . . herself . . . ." 10 U.S.C. § 930(a)(3).

Here, the RPI was charged with a violation of Article 130, UCMJ, consisting of a "course of conduct" that "placed [Petitioner] in reasonable fear of bodily harm to herself." The specification does not allege specific actions constituting the "course of conduct," nor does it expressly refer to any sexual conduct by the RPI or Petitioner, or any fear of sexual assault.

On 23 July 2025, through counsel, Petitioner filed a motion for appropriate relief with the trial court. Petitioner asserted that evidence of her "past sexual behavior or predisposition has been filed in this case and presented in open court by both parties without proper notice and due process under [Mil. R. Evid.] 412." Petitioner requested the military judge "issue a ruling that [Mil. R. Evid.] 412 applies in this case," that Petitioner "has standing to oppose the publication and admissibility of evidence of her prior sexual behavior and predisposition," and that "the procedural requirements of [Mil. R. Evid.] 412, including notice, must be followed." The RPI opposed Petitioner's motion, contending Mil. R. Evid. 412 does not apply in this case "because the [G]overnment never charged a sex-related offense." The Government submitted a written response explaining that it "found the law cited by [Petitioner] to be persuasive and agrees with [Victim's Counsel] that Congress seems to have envisioned [Article 130, UCMJ,] being a 'sex related offense' despite not being specifically enumerated in MRE 412 itself." The Government further stated, "because the Government is not alleging the victim was specifically in fear of a sexual assault for the [Article 130, UCMJ,] offense charged, the Government is not asking the Court to abandon the plain language of the rule."

In her ruling dated 6 August 2025, the military judge determined that "[w]hile Article 130[, UCMJ,] is a sex-related offense, as determined by the sources herein, it does not qualify as a 'sexual offense' and this [c]ourt can find no precedent to the contrary." Therefore, she concluded, Mil. R. Evid. 412 did not apply in this case.*

---

* The military judge's ruling was specific to how the RPI was charged, going as far as to point out that the "ruling does not opine on whether that finding would have been

We find Petitioner has not met her burden to demonstrate she is clearly and indisputably entitled to relief from the military judge's ruling. *See Hasan*, 71 M.J. at 418. The military judge's decision, largely based on plain language of Mil. R. Evid. 412 and Article 130, UCMJ, did not rise to the level of being a clear error, much less a gross error or a judicial usurpation of power. *See United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (citations omitted) (holding a military judge's decision warranting reversal via a writ of mandamus "must amount to more than even 'gross error'; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur"). As such, we find Petitioner did not meet her burden to "show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan*, 71 M.J. at 418.

Accordingly, it is by the court on this 9th day of October, 2025,

**ORDERED:**

The RPI's Motion for Leave to File Motion to Dismiss is **GRANTED**. The RPI's Motion to Dismiss is **DENIED.**

**It is further ordered:**

Petitioner's Petition For Extraordinary Relief in the nature of a Writ of Mandamus is **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

different if the Government had alleged 'fear of bodily harm, including sexual assault' in the relevant charge."